Dominga Renya GARCIA, Richard Garcia, Robert Garcia, Amelia Garcia Velasquez, Rudy Garcia, Roger Garcia, Lydia Garcia, a minor, Alicia Garcia, a minor, and Ramiro Garcia, a minor, Plaintiffs-Appellants,

v.

Robert W. WATKINS and Western Transportation, Inc., a Colorado Corporation, Defendants-Appellees.

No. 77–1671.

United States Court of Appeals, Tenth Circuit.

Argued Jan. 23, 1979.

Decided Aug. 15, 1979.

---

Linda S. Chapman, Amarillo, Tex. (with Charles F. Brega, of Roath & Brega, Denver, Colo., George Whittenburg and Cary Schachter, of Whittenburg Law Firm, Amarillo, Tex., on brief), for plaintiffs-appellants.

Wesley H. Doan, Lakewood, Colo. (with Merle R. Knous, Lakewood, Colo., on brief), for defendants-appellees.

Before SETH, Chief Judge, McWILLIAMS and McKAY, Circuit Judges.

McKAY, Circuit Judge.

This tragic case arises out of a vehicular accident which caused the death of Rafael Garcia and injuries to his wife and son. The accident occurred when the vehicle in which they were riding left the highway and overturned. The defendant Watkins, who was acting in the scope of his employment for Western Transportation, Inc., stopped to render assistance. The plaintiffs' theory is that their vehicle was crowded off the road by the defendant while he was passing them. The defendants' theory is that Watkins was merely a "good Samaritan" who stopped to render assistance following an accident caused by the decedent's loss of control of his vehicle.[1] On the evidence presented at trial, the jury found for the defendants. The issue on appeal is whether the trial court erred in excluding a statement regarding accident causation made by Mrs. Garcia to an interpreter and a similar statement made by her son to the same individual.

The testimony in question appeared in the deposition of an interpreter who had assisted an English speaking physician in the post-accident treatment of the Spanish speaking survivors. It was excluded by the trial court on hearsay grounds. On appeal, several arguments are employed to challenge that ruling. The one we focus on first is that the statements should have been admissible to rebut a charge of recent fabrication.

---

1. In the trial below, the defendants emphasized that the decedent had been driving a newly purchased truck which was towing an older, heavier truck in an allegedly unsafe manner.

The record indicates not only that defendants urged a "good Samaritan" explanation on the jury for Watkins' involvement but also that the plaintiffs' version of the incident was a recent fabrication. Although counsel for defendants did not expressly argue a recent fabrication theory in his closing argument to the jury,[2] much of the testimony at trial implied that Mrs. Garcia had not claimed, until long after the accident, that the family's vehicle had been forced off the highway. Such implications were made in the cross-examination of Mrs. Garcia. They also appeared in testimony by the sheriff who had investigated the accident. Although Mrs. Garcia had declared that she had informed her brother of the cause of the accident, the sheriff testified that this brother, when asked about the events, had said nothing about the Garcia vehicle being forced from the road. The defendant Watkins testified that the first time he had learned of any complaint against him in connection with the accident was almost two years later. To the same effect was the following testimony by a representative of defendant Western Transportation, Inc.:

Q When was the first time you and Western Transportation became aware that there was a claim being made against you?

A I think it lacked six days of being two years after. In other words, it would have been approximately the 14th of August, 1975.

Q Now, from August 20th to the time you were served, did anyone contact you and advise you or report to you that one of your vehicles was involved in an accident eleven and a half miles out of Sharon Springs?

A No, sir.

Record, vol. 4, at 33.

■ After the development of these clear implications of recent fabrication by Mrs. Garcia, plaintiffs offered to introduce the deposition testimony of the interpreter to show that Mrs. Garcia and her son had reported soon after the accident that Watkins had forced their vehicle off the road. We think the trial court erred in excluding all of this testimony.

■ Rule 801 of the Federal Rules of Evidence provides in pertinent part:

(d) Statements which are not hearsay. A statement is not hearsay if—

(1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . (B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive . . . .

The prior statement by Mrs. Garcia to the interpreter is consistent with her testimony on the stand and was offered to rebut an implied charge of recent fabrication. Its exclusion was prejudicial error.

[3, 4] Plaintiffs also complain about the exclusion of the interpreter's account of her interview with the decedent's son in the doctor's office. Plaintiffs argue that this testimony should have been admitted to rebut the implied charge of recent fabrication. We disagree. Not only was this testimony inconclusive regarding the cause of the accident, but the boy was not a witness at the trial. Therefore, his statement regarding accident causation was not admissible as a prior consistent statement under Rule 801(d)(1)(B). *See United States v. Quinto,* 582 F.2d 224, 233–34 (2d Cir. 1978). Neither was the statement admissible as one made for purposes of medical diagnosis. *See* Fed. R. Evid. 803(4). The record shows that the statement was neither made in the presence of a physician nor given in connection with medical treatment.

---

**2.** The trial court excluded the proffered deposition testimony with the understanding that defense counsel would not mention the recent fabrication theory in his closing argument. The parties disagree over whether this understanding amounted to a "bargain" or a simple "ruling." Whatever it was, the record shows that an implied charge of recent fabrication was made against Mrs. Garcia, even if an express charge was not.

■ A closer question is whether the boy's statement constituted an excited utterance. *See* Fed. R. Evid. 803(2). In rejecting this contention, the trial court was apparently influenced by the age of the boy and the delay between the accident and the statement.[3] In addition, the court apparently perceived a distinction between emotional excitement caused by the death of a loved one and excitement existing in the context "of an event occurring." Record, vol. 5, at 11. While we are unable to say that the statement definitely was an excited utterance, we note that the lapse of time does not necessarily negative the existence of an excited state. *See McCormick's Handbook of the Law of Evidence* § 297 (2d ed. 1972). We also question whether it makes any difference, for purposes of Rule 803(2), whether excitement might have arisen out of the death of the boy's father or out of the accident in some abstract sense. Under the facts of this case, the events were contemporaneous. As we read Rule 803(2), the statement would appear to be admissible if it was given "under the stress of excitement caused by" the death of the boy's father. On retrial, this issue may reappear. If it does, the court will, of course, be free to reweigh these and other relevant factors.

Reversed and remanded for a new trial.

McWILLIAMS, Circuit Judge, dissents.

---

**3.** Although no specific finding was made regarding the extent of this time lapse, the chronology of events indicates that the statement was made more than an hour after the accident.