The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Dina Lynn BARKER, Defendant-Appellant.

No. 84CA1150.

Colorado Court of Appeals, Div. I.

Oct. 24, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Gary S. Link, Colorado Springs, for defendant-appellant.

PIERCE, Judge.

The defendant, Dina Lynn Barker, appeals from a judgment of conviction entered on jury verdicts finding her guilty of second degree assault and of committing a crime of violence. Defendant contends that there was insufficient evidence of a deadly weapon to support the charges, and that the admission of a hearsay statement violated her constitutional right of confrontation. We affirm.

Defendant was charged with assaulting a woman with a deadly weapon in a barroom incident. The victim testified that defendant pushed her fist up into her chest as she was sitting at the bar. At that point, the victim testified she heard a friend, who was sitting nearby, say to her, "she's got a knife." The victim then moved back, and defendant ripped the front of the victim's blouse down. As this was happening, defendant's boyfriend grabbed defendant and pulled her away from the victim. The victim then noticed that she had been cut in the chest area. Defendant's boyfriend also was cut on his hand in the process of breaking up the fight.

In a motion in limine, defendant sought to exclude the warning statement from evidence under the hearsay rule. The trial court ruled that the statement was admissible under the excited utterance exception to the hearsay rule under CRE 803(2). The prosecution did not seek to produce the person who made the statement for trial, nor did she appear of her own will.

I.

Defendant first contends that the trial court erred in submitting the charges to the jury. She argues that there was insufficient evidence as a matter of law that she used a deadly weapon during the incident, because the victim testified that she did not see a knife, and the only eyewitness evidence regarding a knife was the hearsay statement. We disagree.

In resolving this issue, the trial court must determine whether the evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to permit a reasonable person to conclude beyond a reasonable doubt that defendant used a deadly weapon. *See People v. Quintana*, 665 P.2d 605 (Colo.1983); *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973). The trial court must also give the prosecution the benefit of every reasonable inference which might be fairly drawn

from the evidence. *People v. Gonzales*, 666 P.2d 123 (Colo.1983).

 Here, the evidence, even without the hearsay statement, was sufficient to permit a reasonable person to conclude beyond a reasonable doubt that defendant used a deadly weapon. Under the totality of the evidence presented, the jury could have reasonably inferred that defendant used a deadly weapon, such as a knife or another sharp object, to inflict cuts which resulted from her actions. Therefore, the trial court properly submitted the assault charge to the jury.

## II.

Defendant contends that the admission of the warning statement violated her constitutional right of confrontation because she could not cross-examine the declarant about the statement. We disagree.

The confrontation clause and the hearsay rules are generally designed to protect similar values, but the two are not necessarily congruent. Therefore, in certain situations, it must be determined whether the confrontation rights of a defendant have been violated even though a statement is properly admissible under a recognized hearsay exception. *People v. Dement*, 661 P.2d 675 (Colo.1983). However, no violation of the confrontation right occurs when the utility of the confrontation is remote. *People v. Dement, supra; see Dutton v. Evans*, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970).

Besides the evidence recited above with respect to the victim sustaining a cut on her chest, the testimony indicated that the victim did not have any instrument or weapon in her possession. In addition, a witness testifying for the defendant stated that she heard someone say, "Watch it, she has a knife." Although this witness also testified that she saw another woman with a shiny object, she stated that defendant was closer to the victim than was the other woman.

The circumstances of this case therefore differ significantly from those in *People v.*

*Dement, supra.* In *Dement*, the hearsay statement was the only evidence identifying defendant as the assailant. Under those circumstances, the hearsay evidence was important to the prosecution, and no adequate substitute for cross-examination of the declarant was available. Moreover, even without the objected hearsay statement, the evidence supported a finding that defendant injured the victim with a deadly weapon. *See* § 18–3–203(1)(b), C.R.S. (1978 Repl.Vol. 8). Thus, the utility of a trial confrontation with declarant was remote, and such a remote possibility of prejudice to a defendant should not be held to nullify a conviction. *Dutton v. Evans, supra.*

The judgment is affirmed.

KELLY and BABCOCK, JJ., concur.