**Dawson COLE, Petitioner–Appellant,**

v.

**Robert TANSY, Warden, Respondent–Appellee.**

**No. 90–2004.**

United States Court of Appeals, Tenth Circuit.

Feb. 13, 1991.

---

Teresa E. Storch, Asst. Federal Public Defender, Albuquerque, N.M., for petitioner-appellant.

M. Katherine Brito Zinn (Hal Stratton, Atty. Gen., State of N.M., Santa Fe, N.M., with her on the brief), Asst. Atty. Gen., State of N.M., for respondent-appellee.

Before TACHA and McWILLIAMS, Circuit Judges, and NOTTINGHAM, District Judge.*

TACHA, Circuit Judge.

This appeal is from a district court's denial of appellant Dawson Cole's petition for writ of habeas corpus. Cole argues the state trial court violated his sixth amendment right to confront the witnesses against him by admitting a statement from an unavailable witness and denied him his right to due process and a fair trial by restricting his counsel's closing argument. Cole further alleges the trial court erred in refusing to acquit him on an attempted armed robbery charge after the jury returned a finding that he had not used a firearm in the commission of the crime. Finally, Cole contends the evidence was insufficient to support a conviction for attempted armed robbery. We affirm.

At trial, Officer Hamner testified that while she was working near the Last Chance Package Store in Roswell, New Mexico on the evening of July 24, 1985, what she believed was a green Plymouth pulled up in front of her. The driver told Hamner she had just seen a man coming out of the Last Chance Package Store with a gun in his hand. She also gave Hamner a brief description of the man and provided part of the license tag number for the motorcycle he was riding. The witness was excited, talking fast, and pointing around. Hamner remembered she had seen a person meeting the description given by the witness only moments before. Meanwhile, Hamner received a dispatch that an armed robbery had taken place at the Last Chance Package Store. She did not ask the witness to identify herself but instead went immediately to the scene of the crime. The state concedes it made no effort to locate the missing witness.

Cole contends the hearsay statements of the unidentified witness were admitted into evidence in violation of his constitutional right to confront the witnesses against him. We review de novo the issue of unavailability under the Confrontation Clause.

*Martinez v. Sullivan*, 881 F.2d 921, 926 (10th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 740, 107 L.Ed.2d 758 (1990). The Supreme Court has held that to protect a criminal defendant's sixth and fourteenth amendment right to confront witnesses, hearsay evidence will be admitted against a defendant only if the government shows: (1) the witness is unavailable and (2) the statement bears sufficient indicia of reliability. *Ohio v. Roberts*, 448 U.S. 56, 65–66, 100 S.Ct. 2531, 2538–39, 65 L.Ed.2d 597 (1980); *see also Martinez*, 881 F.2d at 924.

The state bears the burden of establishing the predicate of unavailability for the admission of a hearsay statement. *Martinez*, 881 F.2d at 924. "[I]f there is a possibility, albeit remote, that affirmative measures might produce the declarant, the obligation of good faith *may* demand their effectuation." *Roberts*, 448 U.S. at 74, 100 S.Ct. at 25 (emphasis in original). The lengths to which the state must go to produce a witness is a question of reasonableness. *California v. Green*, 399 U.S. 149, 189 n. 22, 90 S.Ct. 1930, 1951 n. 22, 26 L.Ed.2d 489 (1970). However, the Court noted in *Roberts:* "The law does not require the doing of a futile act. Thus, if no possibility of procuring the witness exists ... 'good faith' demands nothing of the prosecution." 448 U.S. at 74, 100 S.Ct. at 2543.

Here, the state had no reasonable means available to secure the presence of the unidentified witness at trial. Hamner could not identify the witness beyond the fact she was a female between thirty-five and forty years old driving what Hamner thought was a green Plymouth. Based on such limited information, it would have been futile for the state to have attempted to locate the witness in a city of more than 35,000 people by checking the records of the Department of Motor Vehicles. There is no indication the witness was even a resident of the city.

We are convinced it would be unreasonable to expect Hamner to request the wit-

---

* Honorable Edward W. Nottingham, United States District Judge for the District of Colorado, sitting by designation.

ness to identify herself or report to the police station. Because Hamner had just seen the person the witness described, she reasonably believed she might be able to apprehend the suspect. She therefore immediately left the scene. Hamner responded appropriately to what she reasonably believed was an emergency situation. We hold the district court properly concluded this unidentified witness was unavailable.

■ The *Roberts* decision also requires that a statement by an unavailable witness bear adequate indicia of reliability. Reliability may be inferred without any further showing if the statement falls within a firmly rooted hearsay exception. *Roberts*, 448 U.S. at 66, 100 S.Ct. at 25. This court has held that "the 'excited utterance' exception to the hearsay rule is firmly enough rooted in our jurisprudence so that reliability may be inferred within the rationale of *Roberts.*" *Martinez*, 881 F.2d at 928.

Cole contends the unidentified witness's statement should not be admitted as an exception to the rule against hearsay because it was the product of conscious reflection containing a description of the perpetrator of the crime and a partial license plate number. We are convinced the unidentified witness's statement was admissible against petitioner as an excited utterance. Title 11 of the New Mexico Rules, § 803(B) permits hearsay to be admitted into evidence if it is an excited utterance. A statement qualifies as an excited utterance if: (1) a startling event has occurred, (2) the statement was made while the declarant was under the stress or excitement caused by that event, and (3) the statement relates to the startling event. *See, e.g., State v. Maestas*, 584 P.2d 182, 187 (N.M.Ct.App.1978).

Here, all three requirements are met. The witness described a startling event she had just seen—a man leaving the Last Chance Package Store with a gun in his hand. The witness was excited, talking fast, and pointing around—all indications the witness was still under the stress and excitement of seeing a robbery take place. Finally, the statement describing the man

with a gun clearly related to the startling event of the robbery. The fact the witness also observed the man's clothing and a license plate number does not indicate the statement was not an excited utterance. Because both the unavailability of the declarant and the reliability of her statement have been established, admission of Hamner's testimony about the unidentified witness does not violate Cole's sixth amendment right.

■ Cole also contends the district court violated his right to due process and a fair trial by restricting his closing argument. A district court has broad discretion in limiting the scope of closing arguments. *Herring v. New York*, 422 U.S. 853, 862, 95 S.Ct. 2550, 2555, 45 L.Ed.2d 593 (1975); *United States v. Rivera*, 778 F.2d 591, 593–94 (10th Cir.1985), *cert. denied*, 475 U.S. 1068, 106 S.Ct. 1384, 89 L.Ed.2d 609 (1986); *United States v. Baker*, 638 F.2d 198, 203 (10th Cir.1980). Here, the state trial court limited the closing argument of defense counsel when he began to speculate about possible fabrication by Hamner in her testimony regarding the unavailable witness. No evidence had been presented at trial to support this allegation of fabrication. We find no abuse of discretion and certainly no error of constitutional dimensions in the trial court's decision to thus restrict defense counsel's closing arguments.

■ Cole contends he should have been acquitted of the attempted armed robbery charge. We disagree. The jury was instructed it could find Cole guilty of armed robbery only if they believed beyond a reasonable doubt that petitioner "was armed with a firearm." The instruction on attempted armed robbery, however, told the jury members they could convict Cole if they found he "began to do an act which constituted a substantial part of the armed robbery but failed to commit the armed robbery." The jury was not required to find petitioner *used* a firearm to convict him of *attempted* armed robbery. We hold the two findings are not inconsistent.

Finally, Cole contends the evidence was insufficient to support a verdict on the attempted armed robbery charge. We disagree. Lori Salcido, the clerk working at the Last Chance Package Store at the time of the attempted armed robbery, testified Cole carried a firearm into the store. Salcido stated that he pointed the gun at her and demanded money. She testified Cole never cocked the trigger nor verbally threatened to shoot her with the gun. Although she was frightened, Salcido did not give petitioner the money because "he looked more scared" than she was. From this testimony, a reasonable jury could conclude Cole began to do an act constituting a substantial part of armed robbery. Because petitioner has made a substantial showing of the denial of important federal rights, the certificate of probable cause is granted. *See Barefoot v. Estelle*, 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). We AFFIRM the order of the district court denying the petition for a writ of habeas corpus.