956 F.2d 279
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Christine RAMIREZ, Defendant-Appellant.
 No. 91-2093.
 United States Court of Appeals, Tenth Circuit.
 March 6, 1992.
 
 Before STEPHEN H. ANDERSON and EBEL, Circuit Judges, and SAFFELS, District Judge.*
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 Christine Ramirez appeals from her conviction for embezzlement by a bank employee in violation of 18 U.S.C. § 656. Ramirez contends that the district court abused its discretion by: (1) limiting the scope of her counsel's closing argument; and (2) denying her motion for a mistrial because of prosecutorial misconduct. We affirm.
 
 
 2
 Ramirez was charged with embezzling approximately $73,000 from the United New Mexico Bank of Gallup, New Mexico. The government established the following scheme at trial: Ramirez accepted cash and check deposits from several commercial customers. She delayed crediting the customers' accounts for between twelve and nineteen days. She would retain a portion of the monies during this holding period and then make the deposit appear whole by crediting monies from subsequent deposits. The jury found Ramirez guilty after a two day jury trial.
 
 I. Scope of Closing Argument
 
 3
 Ramirez argues that the district court erred by improperly limiting the scope of her closing argument. Specifically, she contends that the court should have allowed her to discuss that: (1) a missing witness inference was appropriate in this case; and (2) she was represented by court appointed counsel. A district court has broad discretion in limiting the scope of closing arguments. Herring v. New York, 422 U.S. 853, 862 (1975); Cole v. Tansy, 926 F.2d 955, 958 (10th Cir.1991).
 
 
 4
 Defense counsel wanted to argue the inference that the government's failure to call an FBI agent involved in the investigation meant that the agent had uncovered no incriminating information to assist the government's case. R. Vol. IV at 12-13. A trial court has discretion to give or refuse to give a missing witness instruction, United States v. Sutton, 732 F.2d 1483, 1492 (10th Cir.1984), or to allow counsel to argue an inference from the absence of a witness. An instruction is not warranted unless it is solely within the prosecution's power to produce the witness
 
 
 5
 the district court to prevent her from mentioning that she was represented by court appointed counsel. Ramirez wanted to avoid any inference counsel was retained by defendant with her allegedly stolen funds. Appellant's Br.-in-Chief at 2. The district court denied the request stating:
 
 
 6
 I don't think you should mention that. It's not a matter of evidence and I don't think it's something that the jury normally should take into consideration. They are going to be instructed to decide this case solely on the basis of the evidence presented, not to be influenced by prejudice or sympathy, and I've told them repeatedly that they are not to consider anything in their deliberations other than the evidence admitted in court.
 
 
 7
 R.Vol. IV at 14.
 
 
 8
 It was not an abuse of discretion for the district court to deny the request. The status of counsel is not relevant for a myriad of reasons, and it would be impermissible for a jury to reach a conclusion on a defendant's guilt or innocence based on the status of the defendant's counsel.
 
 
 9
 II. Mistrial Because of Prosecutorial Misconduct
 
 
 10
 Ramirez next alleges that the prosecutor made improper and prejudicial remarks during trial and closing argument depriving her of a fair trial. Her argument appears to be that each remark which she challenged as improper, standing alone, warranted a mistrial, and collectively, all the comments combined to constitute prosecutorial misconduct requiring a mistrial. She asserts that it was an abuse of discretion for the district court to deny her motion for a mistrial.
 
 
 11
 Specifically, Ramirez contends that the prosecutor improperly: (1) misstated evidence; (2) argued facts not in evidence; (3) expressed a personal opinion; (4) made inflammatory remarks to the jury; and (5) commented on Ramirez's decision to remain silent and shifted the burden of proof in the case onto Ramirez.
 
 
 12
 "A trial court has great discretion in determining whether a mistrial is warranted based on alleged prosecutorial misconduct, and its determination will not be disturbed absent an abuse of discretion." United States v. Haar, 931 F.2d 1368, 1374 (10th Cir.1991). Our standard of review differs depending upon whether the party asserting harm made a timely objection. If a party failed to object, the court will only reverse for plain error. United States v. Lonedog, 929 F.2d 568, 570 (10th Cir.1991). "Plain error is 'fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done.' " Id. (citations omitted). Under the plain error standard, we view the claim against the entire record. United States v. Young, 470 U.S. 1, 16 (1985). The challenged statement must "undermine the fundamental fairness of the trial and contribute to a miscarriage of justice." Id. at 15.
 
 
 13
 A different standard applies to claims of prosecutorial misconduct to which Ramirez raised a timely objection at trial. This court must determine whether the conduct was, in fact, improper, and, if it is, we proceed to determine whether that misconduct warrants reversal. Lonedog, 929 F.2d at 572 (citing United States v. Martinez-Nava, 838 F.2d 411, 416 (10th Cir.1988)). The prosecutorial misconduct does not warrant reversal if it was harmless error. Id. (citing United States v. Alexander, 849 F.2d 1293, 1296 (10th Cir.1988)). The harmless error standard differs depending on the nature of the alleged error. A non-constitutional error is harmless unless "it had a 'substantial influence' on the outcome or leaves one in 'grave doubt' as to whether it had such effect." United States v. Rivera, 900 F.2d 1462, 1469 (10th Cir.1990) (en banc) (citation omitted). Most constitutional errors are harmless only if we are convinced beyond a reasonable doubt that they did not affect the outcome of the trial. Lonedog, 929 F.2d at 572, (10th Cir.1991); Arizona v. Fulminante, 111 S.Ct. 1246, 1265 (1991).
 
 
 14
 In analyzing whether the misconduct affected the outcome of the trial, the court considers "the curative acts of the district court, the extent of the misconduct, and the role of the misconduct within the case as a whole." Lonedog, 929 F.2d at 572 (citing Martinez-Nava, 838 F.2d at 416).
 
 
 15
 1. Misstatement of Evidence, Arguing Facts Not in Evidence
 
 
 16
 Ramirez first alleges that during closing argument, the prosecutor misstated the evidence and argued facts not in evidence. The prosecutor stated: "She took just a little bit, a few hundred perhaps, out of many deposits and it worked for a long time. It didn't attract the customer's attention. Commercial accounts, people often are not as attentive of the exact day of the deposits. But, eventually, she got caught short--." R.Vol. IV at 29. Ramirez's counsel objected and the court immediately gave a curative instruction that the statements of the attorneys were not evidence in the case.[2] Ramirez contends that the evidence in the case showed that people with commercial accounts are no less attentive to their deposits than individual depositors. Appellant's Reply Br. at 3. However, absent a trial record we cannot evaluate what the evidence presented in the case did or did not show. Regardless, we are convinced beyond a reasonable doubt that this comment had no impact on the outcome of the trial. The court promptly issued a curative instruction and Ramirez's counsel had ample opportunity to marshal contrary evidence during his own closing argument.[3]
 
 2. Prosecutor's Personal Opinion
 
 17
 Ramirez next asserts that the prosecutor improperly expressed a personal opinion during closing argument. We are not certain as to which particular statement Ramirez is referring. Without ascribing the comments a particular label, Ramirez challenges in her brief the prosecutor's comments that: (1) defense counsel hid a missing trial exhibit; (2) defense counsel was grandstanding; and (3) defense counsel's criticism of the bank investigation during the case was "insulting." Appellant's Br.-in-Chief at 5.
 
 
 18
 Regarding the first two of these statements, Ramirez can neither identify them in the record nor show that she timely objected. Absent a trial record, we cannot evaluate on appeal what statements were or were not made. Even assuming the statements were made, they are presented to us completely detached from their context. We decline the invitation to presume error in a vacuum void of any factual support.
 
 
 19
 The third statement arose during the prosecutor's objection to a comment made by Ramirez's counsel during closing argument. Counsel told the jurors, "remember that my investigation was impeded by the bank policy that, you know, it's a private matter and you can't look at our records--." R.Vol. IV at 46. The prosecutor objected, terming that characterization "insulting and ... wrong." Id. at 47. Ramirez's counsel did not contest the matter on the record, and even conceded that "if I said something in too flippant a manner, that can be criticized, but I think that was the evidence." Id. Given the context of this exchange, it was not improper for the prosecutor to deride counsel's statement as "insulting" for purposes of lodging an objection.
 
 3. Prosecutor's Inflammatory Remarks
 
 20
 During the rebuttal phase of closing argument, the prosecutor commented, "I don't think there's any time now in our nation's history when the importance of honesty in bank employees is more important." R.Vol. IV at 58. Ramirez asserts that this statement "was an obvious reference to the savings and loan bailout and scandal." Appellant's Reply Br. at 5. The government admits that this comment "may have been beyond the evidence admitted at trial." Appellee's Br. at 15. Following the objection, the court told the prosecutor to "please stick to the evidence." R.Vol. IV at 58.
 
 
 21
 "Methods designed to arouse prejudice, passion, and use of invective are not proper argument." United States v. Coppola, 479 F.2d 1153, 1163 (10th Cir.1973). Nonetheless, we do not believe that this isolated comment affected the outcome of the trial. It is doubtful that the jurors would have viewed Ms. Ramirez as a participant in the S & L crisis. Even had this fleeting thought occurred to the jurors, the court promptly and properly reminded them that such a suggestion was not warranted by the evidence presented at trial. We do not conclude from our review that the jurors relied on this statement in any way in reaching their verdict.
 
 
 22
 4. Comment Upon Decision Not to Testify, Shifting the Burden of Proof
 
 
 23
 At the inception of his rebuttal, the prosecutor stated, "[w]ell, ladies and gentlemen, we finally got the story from the [d]efendant and it took a while." R.Vol. IV at 52. Ramirez asserts that this "is as direct a comment as possible on the decision not to testify short of stating to the jury 'she did not testify.' " Appellant's Reply Br. at 4.[4] We disagree with this characterization of the prosecutor's remarks.
 
 
 24
 During his summation, Ramirez's counsel suggested that another teller had embezzled the funds but had managed to implicate Ramirez. See R.Vol. IV at 36-46. The challenged statement reflected the prosecutor's understanding of the defense theory. We conclude that the prosecutor's statement was an "invited response" that neither undermined the fundamental fairness of the trial nor contributed to a miscarriage of justice. United States v. Young, 470 U.S. 1, 16 (1985).
 
 
 25
 Ramirez's next argument is equally unavailing. She contends that the government impermissibly attempted to shift the burden of proof to her to demonstrate affirmatively that someone else committed the crime. The court opined that "I think he's just responding to the argument that was made on behalf of the Defendant. I think that is appropriate." R.Vol. IV at 54. We agree substantially for the reasons stated above.
 
 
 26
 Finally, Ramirez contends that all the previously discussed grounds for error combined to warrant a mistrial. She so moved at trial, and the district court denied the motion. R.Vol. IV at 62-63. We make the same inquiry on a claim of "cumulative error" as individual error--whether the defendant's substantial rights have been affected. United States v. Haar, 931 F.2d 1368, 1377 (10th Cir.1991) (citation omitted). As a general rule, events not considered to constitute individual error are not reexamined under a cumulative error analysis. Id. That rule applies here. There was no abuse of discretion in denying Ramirez's motion for a mistrial based on cumulative error.
 
 
 27
 AFFIRMED.
 
 
 
 *
 Hon. Dale E. Saffels, United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [2]
 "Members of the jury, as I have advised you on several occasions previously, the statements and the arguments of the lawyers are not evidence in the case. You'll have to remember from hearing the witnesses testify and seeing the exhibits what the evidence is. The lawyers' arguments to you now during closing arguments can be helpful to you in summarizing the evidence. If you believe that the lawyer's recollection is different from your own, you're of course to be guided by what you remember the evidence to be." R.Vol. IV. at 29-30
 
 
 [3]
 Ramirez concedes that the challenged statement is "capable of interpretation in a way that arguably does relate the comment fairly to the evidence." Appellant's Reply Br. at 3
 
 
 [4]
 We note that this was not the ground of Ramirez' objection at trial. Instead, counsel lodged a general objection only. When asked the basis for the objection, counsel stated that the prosecutor was "smearing the defense counsel rather than arguing the evidence presented in court." R.Vol. IV at 53. That averred ground seemed more responsive to the prosecutor's comment that "[i]t's a shame that in coming out with such a creative story, the defense lawyer had to slam the reputation of Virginia Holly." Id. At no point in the trial did counsel inform the court that he believed the prosecutor was impermissibly commenting on Ramirez's decision not to testify. Nevertheless, we review the merits of this objection for plain error