**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Jimmy C. GREEN, Defendant–Appellant.**

**No. 92CA1575.**

Colorado Court of Appeals, Div. I.

May 19, 1994.

As Modified on Denial of Rehearing June 16, 1994.

Certiorari Denied Nov. 7, 1994.

---

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., and Deborah Isenberg Pratt, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Shelley Gilman, Denver, for defendant-appellant.

Opinion by Judge ROY.

Defendant, Jimmy C. Green, appeals the judgment of conviction entered on a jury verdict finding him guilty of robbery. The defendant contends, on appeal, that the trial court erred in admitting testimony reporting hearsay statements of an unavailable and unnamed declarant under the excited utterance exception to the hearsay rule, that by the admission of the hearsay evidence, the trial court denied him the right to confront a witness against him, and that the trial court committed error in improperly defining the theory of complicity in response to a question from the jury. We affirm.

On the night in question two Denver police officers observed two men, later identified as the defendant and his companion, being chased by a third man (the declarant). After the defendant and his companion ran into an apartment building, the declarant approached the officers and said that the two men had "just knocked down some lady and took her beer."

Soon thereafter, the defendant was captured in the apartment of an acquaintance in which the officers also found a white plastic bag containing a twelve-pack of beer. The defendant's companion was apprehended later after avoiding capture by jumping off the balcony of the apartment.

At the time of his arrest, the defendant admitted punching the victim after being provoked, but denied taking the beer from the victim and stated that he was not aware that his companion had taken anything from the victim. The victim identified the defendant as the man who hit him, testified that the other man grabbed the beer, and both men ran away. Defendant's companion pled guilty to criminal attempt to commit robbery.

The officers testified that the declarant's demeanor was "panicked," "out-of-breath," "excited," "nervous," and "angry"; that they did not get the declarant's name, address, description or other information; and that, while the officers were calling for assistance and securing the apartment building, the declarant disappeared.

I.

■ Defendant first asserts that it was error to introduce the declarant's statement under the excited utterance exception to the hearsay rule, CRE 803(2). We disagree.

The controlling authority is *People v. Dement*, 661 P.2d 675 (Colo.1983). *Dement* involved the excited utterance of an identified but unavailable declarant who provided the only eye witness identification of an assailant in a barroom assault. Under the test set out in that case, for hearsay to be admissible under CRE 803(2): (1) there must be some occurrence or event sufficiently startling to render normal reflective thought processes of the observer inoperative; (2) the statement must be a spontaneous reaction to the occur-

rence or event and not the result of reflective thought; and, implicitly, (3) there must be sufficient direct or circumstantial evidence to allow the jury to infer that the declarant had the opportunity to observe the startling occurrence.

Here, the defendant implicitly concedes that the event was sufficiently startling so as to render reflective thought processes inoperative and explicitly concedes that the declarant was in a state of excitement. In addition, the defendant did not at trial, and does not on appeal, contest the existence of the declarant.

■ Defendant argues that the third element of the *Dement* test was not met here because there was insufficient evidence to allow the jury to infer that the declarant had the opportunity to observe the startling event. However, the threshold for satisfying the requirement that the declarant had an opportunity to observe the event is low, and the declarant's observation of the event may be inferable from sources other than the witness. As long as there is evidence before the trial court from which the jury could reasonably infer that the declarant had an opportunity to observe the event, the witness should be permitted to testify concerning the excited utterance, and the questions of credibility and weight should be left for the jury to resolve. *People v. Garcia*, 826 P.2d 1259 (Colo.1992).

Here, there is sufficient corroborating evidence of the declarant's statement. The victim testified that he had been hit in the face, knocked down, and robbed of a white plastic grocery bag containing beer. While the victim was male and the declarant said "some lady," the evidence showed the victim had a long ponytail and could be mistaken for a woman. The robbery occurred just moments before the declarant approached the police. The occupant of the apartment indicated that the defendant and his companion burst into the apartment saying they were being chased, and both police officers and the occupant of the apartment corroborated the declarant's statement that the plastic bag contained beer.

In light of this testimony, we conclude the foundation was sufficient to permit the trial court, within its sound discretion, to admit the statement under CRE 803(2) for consideration by the jury even though the declarant was both unavailable and unnamed.

## II.

■ Defendant next asserts that the admission of the out-of-court statement of the declarant violated his right to confront witnesses against him as guaranteed by the Sixth Amendment or Colo. Const. art. II, § 16. We disagree.

With respect to the right to confront and cross-examine witnesses, our supreme court in *People v. Dement, supra,* adopted the rationale of *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). Under *Dement* and *Roberts,* a case-by-case analysis is required in which the court: (1) must consider whether the unavailability of the declarant "in the constitutional sense" has been established by evidence that good faith and reasonable efforts to produce the witness have been unsuccessful and (2) must assure that the evidence ultimately admitted is limited to that which bears sufficient "indicia of reliability" to assure "no material departure" from the purpose underlying the confrontation right to augment accuracy in the fact-finding process.

With respect to the requirement of a good faith effort and reasonable efforts to produce the witness, the *Roberts* court stated:

> The law does not require the doing of a futile act. Thus, if no possibility of procuring the witness exists (as, for example, the witness' intervening death), 'good faith' demands nothing of the prosecution. But if there is a possibility, albeit remote, that affirmative measures might produce the declarant, the obligation of good faith *may* demand their effectuation.

*Ohio v. Roberts,* 448 U.S. at 74, 100 S.Ct. at 2543, 65 L.Ed.2d at 613.

■ With respect to the first part of the analysis set forth in *Roberts,* unavailability means that the prosecution has made reasonable, good faith efforts to produce the witness without success. The effort required of the prosecution is limited to a reasonable

effort, and, since the law does not require a futile act, no effort may be sufficient. *Ohio v. Roberts, supra.*

█ In this instance, the People had no reasonable means to produce the unnamed declarant at trial. The officers were unable to provide a description of the declarant other than that he was a white male. With such a paucity of identification information, it would have been futile to have attempted to locate the declarant in a city the size of Denver. The officers acted reasonably in an emergency situation in calling for police assistance and securing the scene before asking the declarant to identify himself by which time he had disappeared.

We conclude the prosecution established that the unnamed declarant witness was "unavailable in the constitutional sense." *See Cole v. Tansy,* 926 F.2d 955 (10th Cir.1991).

█ The second aspect of the *Roberts* analysis is whether the out-of-court statement bears sufficient indicia of reliability to make it trustworthy without subjecting the declarant to cross-examination. This aspect of the analysis is similar to, if not identical with, the third, and implicit, requirement of *Dement* for the admission of an excited utterance as an exception to the hearsay rule.

The United States Court of Appeals for the Tenth Circuit in *Cole v. Tansy, supra,* concluded that if the statement qualified as an excited utterance exception to the hearsay rule, it had sufficient indicia of reliability to satisfy the second prong of the *Roberts* analysis with respect to the right of confrontation. *See also Martinez v. Sullivan,* 881 F.2d 921 (10th Cir.1989), *cert. denied,* 493 U.S. 1029, 110 S.Ct. 740, 107 L.Ed.2d 758 (1990); *Miller v. Keating,* 754 F.2d 507 (3d Cir.1985). Likewise, we conclude, for the reasons already stated, that there are sufficient independent indicia of reliability to satisfy the second prong of the *Roberts* analysis.

█ In addition, when the utility of confrontation is remote, there exists an exception to the requirement that the prosecution satisfy the *Roberts* analysis. *Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970); *People v. Dement, supra; People v. Barker,* 713 P.2d 406 (Colo.App.1985).

Here, the declarant's testimony was not crucial or devastating; it related to matters which were largely not in dispute, and it was corroborated in every material respect by the victim.

The People would have us abandon the *Roberts* analysis altogether because of *White v. Illinois,* —— U.S. ——, 116 L.Ed.2d 848, 112 S.Ct. 736 (1992). In *White* the Supreme Court limited *Roberts* to its facts which involved statements made by a witness at a prior judicial proceeding. It held that evidence should not be withheld under the aegis of the Confrontation Clause of the Sixth Amendment when it is embraced within the excited utterance exception to the hearsay rule. *White,* which involved the statements of a child in a sexual abuse case, was cited by our supreme court in *People v. Garcia, supra,* with a comment appearing to limit *White* to its facts. In any event, *Dement,* which adopted *Roberts,* was clearly decided under Article II, Section 16 of the Colorado Constitution and not the Sixth Amendment to the United States Constitution. Our supreme court has, in other instances, construed our Constitution as more protective than the United States Constitution. *People v. Young,* 814 P.2d 834 (Colo.1991) (listing cases). Any abandonment of the *Roberts* analysis required by *Dement* will have to be done by our supreme court.

Therefore, the admission of the excited utterance by the unavailable and unnamed declarant under the circumstances here comported with the defendant's constitutional right of confrontation.

### III.

█ Defendant finally contends that the trial court committed plain error in improperly defining the theory of complicity in response to a question sent by the jury during the course of deliberations. We disagree.

The trial court submitted an instruction to the jury on complicity containing the pattern jury instruction set forth in *COLJI–Crim.* No. 6:04 (1983). During deliberations, the jury sent this question to the court:

Must you be aware of (knowingly) intent to commit a crime prior to the commission of a crime to be considered a complicitor, or can you be aware of a crime after it is committed and still be considered a complicitor?

After consultation with the prosecution and defense counsel, the trial court responded, without objection:

Conviction as a complicitor, under the complicity statute, requires that:

1. The principal committed all or part of the crime;

2. The complicitor had knowledge that the principal intended to *or was engaged in the commission of a crime;*

3. The complicitor aided, abetted, advised or encouraged the other person in the commission of a crime.

If the only knowledge the alleged complicitor has of the crime is after its commission, he cannot be considered as a complicitor.

(emphasis added)

Defendant argues that the emphasized language in the response improperly allowed the jury to convict him under a relaxed standard of proof and, thus, was plain error. We perceive no basis for reversal.

■ Colorado's criminal complicity statute, § 18–1–603, C.R.S. (1986 Repl.Vol. 8B), provides that:

A person is legally accountable as principal for the behavior of another constituting a criminal offense if, with the intent to promote or facilitate the commission of the offense, he aids, abets, or advises the other person in planning or committing the offense.

The "intent to promote or facilitate the commission of the offense" of which the complicity statute speaks "only requires knowledge by the complicitor that the principal *is engaging in,* or about to engage in, criminal conduct" and requires that the intent of the complicitor be to aid the principal in the criminal act or conduct. *People v. Wheeler,* 772 P.2d 101, 104 (Colo.1989) (emphasis added); *see also People v. Close,* 867 P.2d 82 (Colo.App.1993); *People v. Robinson,* 874 P.2d 453 (Colo.App.1993).

Because the instruction and response given by the trial court comports with the language of the statute as interpreted in *Wheeler,* we perceive no error in this regard.

In addition, the last sentence of the response makes it clear that the later discovery of the fact that the principal committed, or was committing, a crime was not a basis for finding that the defendant was a complicitor. This sentence accurately states defendant's theory of the case which was that the defendant and his companion acted independently, that the defendant was not aware that the robbery was being committed by his companion at the time he struck the victim, and that he only discovered what his companion had done well after the event.

Judgment affirmed.

NEY and BRIGGS, JJ., concur.