**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 8 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUDE T. AKINS,

Defendant-Appellant.

No. 97-3353
(D.C. No. 97-CR-40010)
(District of Kansas)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **HENRY** , and **BRISCOE** , Circuit Judges.

---

**INTRODUCTION**

In February 1997, a grand jury entered a one-count indictment charging

Jude T. Akins, a convicted felon, with violating 18 U.S.C. § 922(g) by possessing

a firearm.  At trial, over Mr. Akins's objection, the district court admitted

testimony from two police officers and from Ms. Lissie Purenell that on

December 29, 1996, Evelyn Culpepper and her children told them that Mr. Akins

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

had threatened Ms. Culpepper with a pair of guns earlier that night. The jury subsequently found Mr. Akins guilty as charged. Mr. Akins now appeals that conviction, arguing that the district court erred by admitting the testimony of the police officers and Ms. Purenell. Because the district court did not abuse its discretion when it admitted this testimony, we affirm Mr. Akins's conviction.

## DISCUSSION

"Evidentiary decisions rest within the sound discretion of the trial court, and we review those decisions only for an abuse of discretion." United States v. Tome, 61 F.3d 1446, 1449 (10th Cir. 1995). Moreover, "[o]ur review is especially deferential when the challenged ruling concerns the admissibility of evidence that is allegedly hearsay." Id.

The district court admitted each of the challenged statements under Fed. R. Ev. 803(2), the excited utterance exception to the hearsay rule. Rule 803(2) allows admission of "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Thus, a statement is admissible as an excited utterance when:

(1)    a startling event occurs;

(2)    the declarant makes a statement while under the stress and excitement caused by the event; and

(3)    the statement relates to the startling event.

See id.; United States v. Zizzo, 120 F.3d 1338, 1355 (7th Cir.), cert. denied, 118

2

S. Ct. 566 (1997) ; <u>see also</u> <u>Cole v. Tansy</u>, 926 F.2d 955, 958 (10th Cir. 1991) (utilizing the same three-pronged test to determine whether statement constituted an excited utterance under New Mexico rules of evidence). Thus, we must examine whether the statements of Ms. Culpepper and her children pass muster under Rule 803(2).

## I.     A Startling Event Occurred

Ms. Purenell testified that on the night of December 29, 1996, she witnessed Mr. Akins choking Ms. Culpepper. Aplt's App. vol. II, at 37-38, 44, 51. This attack certainly qualifies as a startling event with respect to Ms. Culpepper. However, because Ms. Purenell's testimony is equivocal as to whether Ms. Culpepper's children witnessed this attack, <u>see</u> <u>id.</u> at 38, we must look elsewhere to see if the children experienced any other startling event that night.

However, we need not look far to find such an event. At trial, Sergeant Craig Fox testified that when he arrived at Ms. Purenell's home (the scene of the altercation between Mr. Akins and Ms. Culpepper), Ms. Culpepper's oldest child told him that Mr. Akins had been carrying a pair of guns and had threatened to shoot Ms. Culpepper. <u>See</u> <u>id.</u> at 95. Ms. Purenell also testified that at least two of Ms. Culpepper's other three children made similar statements to the police. <u>See</u> <u>id.</u> at 45. And we have no doubt that a child who has witnessed someone

threatening to shoot his mother has experienced a startling event.

Mr. Akins contends that we cannot rely on the children's statements to establish that a startling event occurred because there is nothing to corroborate the children's version of the events. However, Mr. Akins ignores the fact that the children's statements were, in fact, corroborated by the police's subsequent discovery of a pair of guns in a nearby tree. See id. at 68-72. Moreover, their version of events is further supported by Ms. Purenell's testimony that she witnessed a violent confrontation between Mr. Akins and Ms. Culpepper and by Sergeant Fox's testimony that the children appeared to be frightened when he arrived on the scene. Thus, we need not reach the question of whether uncorroborated statements, without more, may prove the occurrence of a startling event for Rule 803(2) purposes.

## II.    The Declarants Were Under The Stress Of A Startling Event When They Made Their Statements

Mr. Akins next argues that neither Ms. Culpepper nor her children made their declarations while they were "under the stress of excitement caused by the event." Fed. R. Evid. 803(2). In particular, he suggests that too much time passed between the confrontation and the declarations for those declarations to qualify as excited utterances under Rule 803(2).

As a threshold matter, we note that the government introduced ample evidence to support the district court's conclusion that at the time Ms. Culpepper

4

and her children made their statements, they were still under the stress of the excitement caused by confrontation between Mr. Akins and Ms. Culpepper. For instance, Sergeant Fox testified that at the time Ms. Culpepper spoke with him, "[s]he was very visibly shaken, she was trembling, almost crying as she spoke to me, [and] had a look and a sound of fear in her voice." Aplt's App. vol. II, at 92; see also id. at 43 ("[s]he was scared"), 60 ("she appeared to be nervous and scared"), 101 ([s]he was still shaken up"). Similarly, both Sergeant Fox and Ms. Culpepper testified that at the time the Culpepper children made their statements, they appeared to be "scared." See id. at 40-43, 94; see also id. at 61, 63 (describing children's demeanor as "excited"). Mr. Akins offered no evidence to contradict any of this testimony.

It is not clear how much time passed between the confrontation and when Ms. Culpepper and her children made their statements. However, the record does establish that both Ms. Culpepper and her children made their statements after the police had arrived on the scene. See, e.g. , id. at 45, 63-64, 93. Officer Howard Montalvo, the only police officer who testified regarding this issue, stated that he arrived approximately fifteen to twenty minutes after he received the call from the dispatcher. Id. at 58. And by the time Officer Montalvo arrived, several other police officers, including Sergeant Fox (the only other officer who testified at trial regarding the statements of Ms. Culpepper and her children) were already

5

on the scene. Id. Thus, even were we to assume that: (1) several minutes passed between the time Ms. Purenell summoned the police and the time the dispatcher called Officer Montalvo; (2) a full twenty minutes passed between the call and the time that Officer Montalvo arrived; and (3) Ms. Culpepper and her children did not make their statements to Officer Montalvo and Sergeant Fox until several minutes after Officer Montalvo's arrival, this would mean that less than an hour elapsed between the confrontation and the time that Ms. Culpepper and her children made their statements.

We have previously stated that "lapse of time does not necessarily negative the existence of an excited state." Garcia v. Watkins, 604 F.2d 1297, 1300 (10th Cir. 1979). Thus, we have held that so long as the evidence demonstrated that a declarant made an out-of-court statement while still under the stress of a startling event, that statement was admissible as an excited utterance notwithstanding the fact that the declarant made the statement nine hours, see United States v. Rosetta, 1997 WL 651027, at **2 (10th Cir. Oct. 20, 1997), or even a full day, see United States v. Farley, 992 F.2d 1122, 1126 (10th Cir. 1993), after the startling event. Consequently, the fact that an hour may have elapsed between the confrontation and the time that Ms. Culpepper and her children made their statements will not remove those statements from purview of Rule 803(2), since the unrefuted evidence demonstrates that Ms. Culpepper and her children were

6

still experiencing the stress and excitement caused by the confrontation at the time they made their statements.

## III.     The Declarations Related To A Startling Event

The final requirement for admission under Rule 803(2) is that the out-of-court statement must "relat[e] to a startling event." Fed. R. Evid. 803(2). The statements of Ms. Culpepper and her children easily clear this hurdle, as all of those statements related to the confrontation between Mr. Akins and Ms. Culpepper. See Aplt's Brief at 7-8.

Mr. Akins also offers a last, novel argument: that the district court should have excluded the testimony of Ms. Purenell and the two police officers because at trial these witnesses did not directly quote Ms. Culpepper and her children but, rather, only paraphrased their statements. However, Rule 803(2) does not require witnesses to have photographic memories. Thus, we will not exclude the testimony of Ms. Purenell and the police two officers merely because these witnesses did not quote Ms. Culpepper and her children verbatim.

**CONCLUSION**

In sum, the district court did not abuse its discretion when it admitted the testimony of Ms. Purenell, Sergeant Fox, and Officer Montalvo regarding the out-of-court statements of Ms. Culpepper and her children. And although neither Ms. Culpepper nor her children were available to testify at trial, because the district court acted within its discretion in admitting the testimony regarding their out-of-court statements, the admission of this testimony did not run afoul of either the Fifth or Sixth Amendment. See, e.g. , Haskell v. United States Dep't of Agric. , 930 F.2d 816, 820 (10th Cir. 1991) (holding that the district court did not violate a party's due process or confrontation rights when it admitted business records that were co-authored by an individual who was unavailable to testify at trial). Accordingly, we hereby AFFIRM the judgment of the district court.

Entered for the Court,

Robert H. Henry
Circuit Judge