**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 25 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY E. CRESSLER,

     Plaintiff-Appellant,

v.

JOHN RAPP NEUENSCHWANDER,
M.D., JOHN RAND
NEUENSCHWANDER, M.D.,

     Defendants-Appellees,

ROSS E. STADALMAN, M.D.,

     Defendant.

No. 98-3173
(D.C. No. 95-CIV-1034)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and
**ANDERSON**, Senior Circuit Judge.

    Larry Cressler ("Cressler") brought suit in the United States District Court for the

District of Kansas against Dr. John Rapp Neuenschwander, his son, Dr. John Rand

Neuenschwander (hereinafter referred to as "the Defendants"), and Dr. Ross E.

Stadalman for medical malpractice based on an alleged failure to properly diagnose and

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

treat malignant melanoma on the bottom of Cressler's right foot. By amended complaint, Dr. Stadalman was not named as a defendant. Trial by jury resulted in a defense verdict for the Defendants.[1] Judgment to that effect was duly entered. Thereafter, Cressler filed a timely motion for new trial. After hearing, that motion was denied. Cressler appeals.

On appeal, Cressler raises two grounds for reversal: (1) the district court erred in allowing two of the Defendants' expert witnesses (Dr. Jewell and Dr. Reed[2]) to testify "beyond" their respective reports which had previously been given his counsel and filed with the district court; and (2) the district court further erred in refusing to allow Cressler's attorney to point out to the jury, in closing argument, that the Defendants had the same liability insurance carrier as two of their other expert witnesses, namely a Dr. Schwindle and a Dr. Sweet. Both of these matters were urged by Cressler in his post-trial motion for a new trial. In denying that motion, the district court was of the view that neither Dr. Jewell nor Dr. Reed in their trial testimony had gone beyond their previously filed reports and that it had not erred in refusing to allow Cressler's attorney to argue insurance coverage to the jury.

---

[1]The form of verdict submitted to the jury consisted of a series of questions. The first question was "Do you find any of the parties to be at fault?" The jury answered that question "No." The jury was instructed that if they answered the first question "No" they should skip the succeeding questions and proceed directly to question 13, which was whether the answer to question number 1 was agreed to by eight jurors. That question was answered "Yes."

[2]Dr. Reed's testimony was in the form of a video deposition.

Prior to trial, Cressler filed a so-called motion to strike any expert testimony of Drs. Jewell and Reed. The motion was apparently based on a mistaken belief that counsel for the Defendants had not designated Drs. Jewell and Reed as their expert witnesses. A magistrate judge denied that motion and in so doing stated as follows: "However, the opinion of those two experts are limited to those opinions already provided to the plaintiff. In addition, plaintiff will be permitted to depose these two experts." Counsel for Cressler did not depose either Dr. Jewell nor Dr. Reed. However, shortly prior to trial, defense counsel took a video deposition of Dr. Reed in Houston, Texas, it appearing that Dr. Reed because of a physical ailment would not be able to travel to Kansas for the trial. Counsel for Cressler participated in that video deposition.

In his motion for a new trial, Cressler claimed that the trial judge, in effect, "overruled" the magistrate judge and allowed Drs. Jewell and Reed to testify "beyond the scope" of their respective reports. In denying the motion for a new trial, the district court observed that this particular matter had been "addressed at trial, and the court found that neither witness transcended the bounds of the pre-trial order." In other words, the district court was of the view that the testimony of Drs. Jewell and Reed was within the scope of their respective reports previously filed with the court and furnished opposing counsel. We review a district court's inclusion or exclusion of evidence for an abuse of discretion, and our study of the record indicates that there was no abuse of discretion by the district court in allowing Drs. Jewell and Reed to testify as they did. *Cartier v. Jackson,* 59 F.3d

1046, 1048 (10th Cir. 1995).[3]

At trial it was somehow brought out that the Defendants and two of their expert witnesses, a Dr. Schwindle and a Dr. Sweet, were insured for medical malpractice by the same liability insurance carrier.  Shortly prior to closing argument, Cressler's counsel advised the court that he proposed to make comment to the jury in his closing argument that the Defendants and the two expert  witnesses were insured by the same "mutual" insurance company, and that any award given Cressler by the jury would affect future premiums paid by the Defendants and their expert  witnesses.  Such, according to counsel, would be indicative of possible bias on the part of the two expert witnesses. The district court sustained Defendants' objection thereto and ordered Cressler's counsel not to make such argument, since there was no evidence that the insurance carrier in question was a mutual company or that a verdict for Cressler would increase premiums of the Defendants and their expert witnesses.   We find no error in the district court's handling of this matter.  On appeal, counsel appears to argue that all he wanted to comment on in his argument to the jury was that the Defendants and "two of the Defendants' expert witnesses were covered by the same liability insurer."  That is not the way it was presented at trial.  The district court did not err in refusing to allow counsel to point out to

[3]In *Moss v. Feldmeyer,* 979 F.2d 1454, 1459 (10th Cir. 1992), we said a "decision to allow or prohibit testimony of witnesses not described or listed in the pretrial order rests with the sound discretion of the trial judge and will not be disturbed [on appeal] absent an abuse of discretion."

the jury that the Defendants and two of their expert witnesses were insured for malpractice by the same insurance company, which was a "mutual" company, and that a verdict for Cressler would result in higher premiums for the Defendants and their expert witnesses.[4]

Judgment affirmed.

Entered for the Court

Robert H. McWilliams
Senior Circuit Judge

---

[4]In *Herring v. New York,* 422 U.S. 853, 862 (1975), the Supreme Court spoke as follows: "The presiding judge must be and is given great latitude in controlling the duration and limiting the scope of closing summations. He may limit counsel to a reasonable time and may terminate argument when continuation would be repetitive or redundant. He may ensure that argument does not stray unduly from the mark, or otherwise impede the fair and orderly conduct of the trial. In all these respects he must have broad discretion."

To the same effect as *Herring, see United States v. Glass,* 128 F.3d 1398, 1408 (10th Cir. 1997) and *Cole v. Tansy,* 926 F.2d 955, 958 (10th Cir. 1991).