638 F.2d 198
 UNITED STATES of America, Plaintiff-Appellee,
v.
Nancy BAKER and William James Reeder, Defendants-Appellants.
 Nos. 79-1444, 79-1451.
 United States Court of Appeals,
Tenth Circuit.
 Argued and Submitted July 10, 1980.
Decided Dec. 29, 1980.
 
 John Street, Tulsa, Okl., for defendant-appellant Nancy Baker.
 E. Terril Corley, Tulsa, Okl., for defendant-appellant William James Reeder.
 Kenneth P. Snoke, Asst. U. S. Atty., N. D. Okl., Tulsa, Okl. (Hubert H. Bryant, U. S. Atty., Tulsa, Okl., with him on the brief), for plaintiff-appellee.
 Before SETH, Chief Judge, and HOLLOWAY and McKAY, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 The appeal in these companion cases is from the conviction of both defendants in a single trial for conspiracy to possess with intent to distribute, and to distribute, amphetamine.[1] Both appellants raise essentially identical issues although their arguments vary somewhat.
 
 
 2
 The arrests and convictions were based primarily on information supplied by an informant which supported the issuance of a search warrant used to secure evidence for the prosecution and that informant's extensive testimony at trial. This appeal challenges the sufficiency of jury voir dire in preparation for appellant's trial, the validity of the search warrant and its execution, and the legality of a comment by the trial judge during the closing argument of counsel for appellant Reeder.
 
 I. SUFFICIENCY OF VOIR DIRE QUESTIONS
 
 3
 Notwithstanding a timely request to permit counsel to conduct the voir dire of the jury, the trial court elected to retain that function for itself as authorized by Fed.R.Crim.P. 24(a). The court asked numerous questions, including some specific ones requested by defendants. The defendants, however, take exception to the court's failure to ask particular questions concerning the weight jurors might give to testimony of police officers, experiences which jurors or members of their families might have had as victims of crimes, and the government's burden of proof.
 
 
 4
 The principles governing the sufficiency of voir dire questions derive from the Sixth Amendment guarantee of an impartial jury in criminal prosecutions. The function of voir dire is to lay the predicate for both the judge's and counsel's judgment about the qualifications and impartiality of potential jurors. Without an adequate foundation, counsel cannot exercise sensitive and intelligent peremptory challenges, that suitable and necessary means of ensuring that juries be in fact and in the opinion of the parties fair and impartial. See Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); Lewis v. United States, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892). When the trial court undertakes the examination of potential jurors, it has a duty to consider the perspective of informed counsel, as well as its own, in determining what questions will tend to reveal possible juror prejudice.
 
 
 5
 Our review of the trial court's effort in this regard is informed by the principle that voir dire is within the sound discretion of the trial court and that the court's discretion will not be disturbed unless there is a clear showing of abuse. However, the searching rigor of the court's examination must be tailored to fit the circumstances of the case upon which the jurors will sit to ensure that the jurors are competent and impartial.[2] See United States v. Hall, 536 F.2d 313, 324-27 (10th Cir.), cert. denied, 429 U.S. 919, 97 S.Ct. 313, 50 L.Ed.2d 285 (1976); United States v. Hill, 526 F.2d 1019, 1025 (10th Cir. 1975), cert. denied, 425 U.S. 940, 96 S.Ct. 1676, 48 L.Ed.2d 182 (1976); Lowther v. United States, 455 F.2d 657, 666 (10th Cir.), cert. denied, 409 U.S. 857, 93 S.Ct. 139, 34 L.Ed.2d 102 (1972). See also United States v. Giese, 597 F.2d 1170, 1181-84 (9th Cir. 1979); United States v. Corbin, 590 F.2d 398, 400-01 (1st Cir. 1979); United States v. Johnson, 584 F.2d 148, 155-57 (6th Cir. 1978).
 
 
 6
 Where most of the prosecution's case does not consist of police officer testimony, a court's failure to ask of jurors whether they would give special credence to police officer testimony "simply because of his official character" is not reversible error.[3] Moreover, the trial court has substantial discretion in determining whether or not the government's case in fact turns primarily on police officer testimony. See Ross v. United States, 374 F.2d 97, 105 (8th Cir.), cert. denied, 389 U.S. 882, 88 S.Ct. 130, 19 L.Ed.2d 177 (1967). In this case, the court acted within its discretion when it determined that police officer testimony was not the primary foundation of appellants' convictions. The record shows that officer testimony merely corroborated the more critical testimony of the informant and the co-conspirators.
 
 
 7
 Nor can we say that the court abused its discretion in failing to ask specifically whether the juror or any close relative had ever been the victim of a crime. While such a general question about experience with crime well might have aided appellants' counsel in exercising their peremptory challenges, the questions that the court did ask were quite sufficient.[4] If the crime charged had been one like robbery, involving clear victims, refusal to ask specifically whether jurors or their families had been the victims of such a crime might have been reversible error. See United States v. Poole, 450 F.2d 1082 (3rd Cir. 1971).
 
 
 8
 The record reflects that the court adequately informed the jury concerning burdens of proof. Therefore, failure to ask a voir dire question on this subject in the form proposed by defendants was not error.II. OBJECTIONS TO THE SEARCH WARRANT
 
 
 9
 Appellants, each for a different reason, contend that the search warrant leading to the seizure of the amphetamine and to appellants' arrest was defective. Appellant Baker argues that there was no probable cause for the issuance of the warrant. We do not, however, reach the merits of this argument because appellant's motion to suppress the evidence obtained pursuant to the allegedly unlawful search warrant was not timely filed in accordance with Fed.R.Crim.P. 12(b)(3). Rule 12(f) presumes that motions to suppress evidence under Rule 12(b)(3) that are not raised prior to trial have been waived. While the rule further provides that "the court for cause shown may grant relief from the waiver," the record before us quite clearly indicates that no cause was shown for the failure here to make a timely motion. Accordingly, we hold that any objections to the search were waived.[5]
 
 
 10
 Appellant Reeder contends for the first time on appeal that the warrant was improperly executed because the executing police officers did not knock and announce their purpose before kicking down the door to appellant Baker's residence. Because this claim was not raised in the court below, we cannot consider its merits unless we determine, as appellant contends, that the trial court's admission into evidence of the fruits of the allegedly illegal search was plain error. See United States v. Popejoy, 578 F.2d 1346 (10th Cir.), cert. denied, 439 U.S. 896, 99 S.Ct. 257, 58 L.Ed.2d 243 (1978).
 
 
 11
 The question before us is whether the officers' conduct was reasonable under the Fourth Amendment.[6] See United States v. Valenzuela, 596 F.2d 824, 829-30 (9th Cir.), cert. denied, 441 U.S. 965, 99 S.Ct. 2415, 60 L.Ed.2d 1071 (1979). Under the Fourth Amendment standard, if the record clearly establishes appellant's contentions that the executing officers failed entirely to announce their authority and purpose before kicking down the door and entering the apartment, and that no exigent circumstances were shown, the evidence seized must be suppressed as the fruit of an illegal search. See Sabbath v. United States, 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828 (1968); Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958).[7] While the record does suggest on the basis of one officer's testimony that the execution of the warrant may have been unlawful, it also contains testimony from another officer and a person who had been inside the residence that the officers did knock and announce their authority, whereupon they heard such scuffling from inside the residence as to constitute exigent circumstances that would justify immediate entry. See Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); United States v. Clemons, 503 F.2d 486 (8th Cir. 1974); United States v. Manning, 448 F.2d 992 (2d Cir.) (en banc), cert. denied, 404 U.S. 995, 92 S.Ct. 541, 30 L.Ed.2d 548 (1971). Under these circumstances, we conclude that there was enough evidence before the trial judge to satisfy him that the warrant was properly executed. It was not plain error for him not to inquire further into the evidence of unlawful execution or not to exclude the evidence obtained pursuant to the execution of the warrant. "The error, if there was one, was far from 'plain.' " United States v. Manning, 448 F.2d at 1002. See also id. at 1003 (Oakes, J., concurring).
 
 
 12
 III. TRIAL COURT COMMENT DURING CLOSING ARGUMENT
 
 
 13
 While defense counsel was commenting extensively on the credibility of certain government witnesses, the prosecution made a limited objection. In partial response to the objection the court commented on counsel's emphasis on credibility and suggested, but did not require, that defense counsel concentrate on other portions of the case. The court stated:
 
 
 14
 Well, I really think that you ought to spend your time on the facts as to the essential elements as to this case. A little reference to these witnesses and whether the jury is going to believe them and how much weight and credit they are going to give their evidence is all right, but this case doesn't have anything to do with what you are arguing here. You need to argue whether these two defendants were in a criminal conspiracy and whether your client possessed amphetamine with intent to distribute and did distribute. That is what the jury is going to decide, Counsel, and I would suggest that you argue the facts on these pertinent issues in the case.
 
 
 15
 Record, vol. 4, at 493.
 
 
 16
 The trial court has broad discretion to control the scope of closing argument, see United States v. Grabiec, 563 F.2d 313, 319 (7th Cir. 1977); United States v. Davis, 557 F.2d 1239, 1244 (8th Cir.), cert. denied, 434 U.S. 971, 98 S.Ct. 523, 54 L.Ed.2d 461 (1977); United States v. Wilshire Oil Co. of Texas, 427 F.2d 969, 977-78 (10th Cir.), cert. denied, 400 U.S. 829, 91 S.Ct. 58, 27 L.Ed.2d 59 (1970), and to comment reasonably upon the evidence, being careful not to become an advocate for any of the parties, Ayash v. United States, 352 F.2d 1009, 1010 (10th Cir. 1965), see Quercia v. United States, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321 (1933); Bryant v. United States, 462 F.2d 433 (8th Cir. 1972); United States v. Sowards, 339 F.2d 401 (10th Cir. 1964). We find that, once counsel's attack during closing argument on credibility had become elaborate and attenuated from the precise issues of the case, the court's suggestion that counsel would be well advised to limit his attack on credibility was within the court's discretion and did not amount to advocacy.
 
 
 17
 The judgment in both cases is affirmed.
 
 
 
 [1]
 21 U.S.C. §§ 846, 841(a)(1)
 
 
 [2]
 The more the case is likely to arouse the prejudices of prospective jurors, the more elaborate and searching must be the trial court's voir dire. For example, where jurors may have been exposed to prejudicial publicity, they must be examined with especial care to ensure that such publicity did not cause them to form prejudices. United States v. Hall, 536 F.2d 313, 324 (10th Cir.), cert. denied, 429 U.S. 919, 97 S.Ct. 313, 50 L.Ed.2d 285 (1976). See also United States v. Giese, 597 F.2d 1170, 1181-84 (9th Cir.), cert. denied, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979); United States v. Corbin, 590 F.2d 398, 400-01 (1st Cir. 1979)
 
 
 [3]
 Chavez v. United States, 258 F.2d 816, 819 (10th Cir. 1958). One circuit has ruled that where the case does consist primarily of police officer testimony, a court's failure to ask of jurors whether they would give special credence to police officer testimony is reversible error. See, Faulkner Radio, Inc. v. F. C. C., 557 F.2d 866 (D.C.Cir.1977); Brown v. United States, 338 F.2d 543 (D.C.Cir.1964); Sellers v. United States, 271 F.2d 475 (D.C.Cir.1959). That question is not before us in this case
 
 
 [4]
 For instance, the court asked: "Do any of you feel you possess any kind of personal prejudice with reference to this type of case?" Record, vol. 3, at 14. "Have any of you ever had a personal experience in your lifetime involving anything such as we have in this case?" Id. at 14-15
 
 
 [5]
 The fact that the district court considered the merits of the probable cause argument does not excuse appellant's untimeliness or enable us to consider the merits of the argument. See United States v. Sisca, 503 F.2d 1337, 1349 (2d Cir.), cert. denied, 419 U.S. 1008, 95 S.Ct. 328, 42 L.Ed.2d 283 (1974)
 
 
 [6]
 Appellants have not suggested that applicable state law places more restrictive constraints on officers executing a search warrant than does the Fourth Amendment. We therefore do not decide whether the evidence seized under this search warrant would properly have been suppressed had the state search that produced it failed to meet any more demanding state standards. See United States v. Valenzuela, 596 F.2d 824, 830 (9th Cir.), cert. denied, 441 U.S. 965, 99 S.Ct. 2415, 60 L.Ed.2d 1071 (1979)
 
 
 [7]
 These cases deal with the knock-notice requirements of 18 U.S.C. § 3109. However, we agree with the Ninth Circuit that "in light of Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963), '(i)t is now clear that, to some extent, (the knock notice requirements of 18 U.S.C. § 3109) have been incorporated into the Fourth Amendment.' " United States v. Valenzuela, 596 F.2d 824, 830 (9th Cir. 1979) (quoting United States v. Bustamante-Gamez, 488 F.2d 4, 9 (9th Cir. 1973), cert. denied, 416 U.S. 970, 94 S.Ct. 1993, 40 L.Ed.2d 559 (1974)) (footnote omitted)