**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael Eugene MOLAND,
Defendant–Appellant.**

No. 92–1281.

United States Court of Appeals,
Tenth Circuit.

June 22, 1993.

Rehearing Denied Aug. 6, 1993.

John M. Hutchins, Asst. U.S. Atty. (Michael J. Norton, U.S. Atty., Kathleen M. Tafoya, Guy Till, Asst. U.S. Attys., with him on the brief) Denver, CO, for plaintiff-appellee.

Warren R. Williamson, Asst. Federal Public Defender (Michael G. Katz, Federal Public Defender, with him on the brief) Denver, CO, for defendant-appellant.

Before EBEL, RONEY[†] and KELLY, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

Defendant-appellant Michael Moland appeals the district court's denial of his motion to suppress evidence. Defendant pled guilty to possession and distribution of crack cocaine, subject to this appeal. *See* 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

### Background

On June 5, 1991, a Colorado state judge issued a "no knock" search warrant for Defendant's premises, which resulted in the seizure of crack cocaine. The warrant specifically allowed "forced entry without prior announcement." The state police detectives requested a no knock warrant in order to preserve evidence and to ensure the safety of the officers. In the affidavit supporting the warrant, the officers stated that since 1987 the Aurora/Denver Crack Task Force had executed over 800 warrants resulting in the seizure of over 500 guns. At the suppression hearing, one of the detectives testified that he had previously applied for and received approximately thirty no-knock warrants in other crack cocaine cases.

The district court denied the suppression motion, finding that, although there were no exigent circumstances which would justify a no knock warrant under federal law, the good faith exception applied. *See United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). On appeal, Defendant contends that the officers lacked exigent circumstances and that *Leon* should not apply to state officers executing a warrant in violation of federal standards.

### Discussion

In reviewing a motion to suppress, we accept the trial court's findings of fact unless clearly erroneous, but review de novo the reasonableness of the search under the Fourth Amendment. *United States v. Allen*, 986 F.2d 1354, 1356 (10th Cir.1993).

■ Federal officials serving a warrant must knock and announce their presence and intent before searching a dwelling, unless notice is likely to result in the destruction of evidence or harm to the officers. 18 U.S.C. § 3109; *Ker v. California*, 374 U.S. 23, 39–40, 83 S.Ct. 1623, 1633–34, 10 L.Ed.2d 726 (1962); *United States v. Mitchell*, 783 F.2d 971, 974 (10th Cir.) *cert. denied*, 479 U.S. 860, 107 S.Ct. 208, 93 L.Ed.2d 138 (1986). We have previously held that "specific facts regarding the premises to be searched" are required to show exigent circumstances justifying a no knock warrant under § 3109. *United States v. Stewart*, 867 F.2d 581, 585 (10th Cir.1989). Although federal charges were ultimately filed, this was a state investigation and under Colorado law no knock warrants may be served if expressly provided for by the issuing magistrate. *People v. Lujan*, 174 Colo. 554, 484 P.2d 1238 (1971) (en banc) (following *Ker v. California*, 374 U.S. 23, 83 S.Ct. 1623); *see also United States v. Moore*, 956 F.2d 843, 849 (8th Cir. 1992) (discussing conflict in decisions interpreting *Ker*); Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* § 3.4(h) (1984). The Colorado Supreme Court later clarified *Lujan* as holding "that exigent circumstances are always present in searches for narcotics." *People v. Arnold*, 186 Colo. 372, 527 P.2d 806, 810 (1974) (en banc). Here, the detectives presented the magistrate with statistical evidence on the high probability that crack dealers in the area are armed, but no specific evidence that the Defendant would be armed or that the drugs would be destroyed.

### I. Fourth Amendment Reasonableness

■ Evidence seized by state officers will be suppressed in a federal prosecution if the search violated the Fourth Amendment.

† The Honorable Paul H. Roney, Senior United States Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

*Mitchell,* 783 F.2d at 973–74; *United States v. Walker,* 960 F.2d 409, 415 (5th Cir.1992). The government conceded at the suppression hearing that no exigent circumstances existed to justify a no knock warrant under 18 U.S.C. § 3109. *See Stewart,* 867 F.2d 581. However, § 3109 does not apply to state investigations by state officers, and the government failed to argue that the search was reasonable under the Fourth Amendment notwithstanding the lack of compliance with § 3109. "We will not consider issues which are raised for the first time on appeal unless a party demonstrates an impediment which prevented raising the argument below." *United States v. Dewitt,* 946 F.2d 1497, 1499 (10th Cir.1991), *cert. denied sub nom.* —— U.S. ——, 112 S.Ct. 1233, 117 L.Ed.2d 467 (1992). The government does not assert any impediment to raising the argument below. As such, we do not address whether the circumstances here violated the Fourth Amendment.

## II. The Good Faith Exception

■ We agree with the district court that even if the warrant was constitutionally unreasonable, which we need not decide, the good faith exception to the exclusionary rule applies. The district court, relying on § 3109 and *Stewart,* found that the officers lacked particular exigent circumstances. The court denied suppression, though, finding that the officer's testimony was credible, that the state judges were not "rubber stamping" warrant requests and that the officer had previously been granted no knock warrants under similar circumstances.

■■ The Defendant correctly points out that the good faith exception does not apply to the improper execution of a warrant. *See United States v. Medlin,* 798 F.2d 407, 410 (10th Cir.1986). *Leon* does apply, however, where the execution was in accordance with the terms of the warrant. *Id.; Moore,* 956 F.2d at 851. Such was the case here. The exclusionary rule is aimed at deterring police misconduct. Excluding evidence seized by police in good faith reliance on a facially valid warrant would not deter misconduct. *Medlin,* 798 F.2d at 409 (citing *Leon,* 468 U.S. at 916–22, 104 S.Ct. at 3417–20). Here, the

officer and the state court judge acted with "objectively reasonable reliance" on the *Lujan* decision in concluding that the no knock warrant would not violate Colorado law or the Fourth Amendment. *See Moore,* 956 F.2d at 849.

AFFIRMED.