21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ralph CERVERA, Defendant-Appellant.
 No. 93-8062.
 United States Court of Appeals, Tenth Circuit.
 April 12, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before SEYMOUR, Chief Judge, TACHA, Circuit Judge, and VRATIL[2], District Judge.
 
 
 2
 On January 29, 1993 the Federal Grand Jury for the District of Wyoming returned a three-count indictment charging Ralph Cervera with one count of possession with intent to distribute cocaine, and aiding and abetting in violation of 18 U.S.C. 841(a)(1) and 18 U.S.C. 2; one count of possession with intent to distribute marijuana, and aiding and abetting in violation of the same statutes; and one count of use of firearms during and in relation to a drug trafficking offense in violation of 18 U.S.C. 924(c)(1) and 18 U.S.C. 2. On February 19, 1993 Cervera pleaded not guilty to all counts. On February 24, 1993 he filed a motion to suppress certain statements made to police and evidence seized pursuant to a search warrant executed on the residence he shared with Viola Quintana. On May 20, 1993 Cervera entered a conditional guilty plea to the third count of the indictment, use of a firearm during and in relation to a drug trafficking offense. On May 24, 1993, following a hearing, the district court denied Cervera's motion to suppress his statements and evidence obtained during the search. On July 9, 1993 Cervera was sentenced to sixty months imprisonment on the firearms violation. The other two counts were dismissed. Cervera appeals asserting that the district court erred in denying his motion to suppress because the warrant was not supported by sufficient probable cause, the warrant was improperly executed and Cervera's confession was involuntary. We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 I. BACKGROUND
 
 3
 On December 7, 1992 Al Hagemann, Special Agent of the Division of Criminal Investigation (DCI) of the Wyoming Attorney General's office, obtained from a Wyoming county court judge a warrant to search Viola Quintana, a car she was driving which was registered to Cervera, a mobile home she used as a second hand store, and the residence she shared with Cervera at 141 South 5th, in Green River, Wyoming. The warrant was based on information from a confidential informant relating a history of drug trafficking by Cervera and Quintana. The informant reported that on October 10, 1992, he had seen a pound of cocaine and $ 27,000 cash in the possession of Cervera and Quintana at her house in Green River. The informant reported that on October 31, 1992, he had obtained cocaine from Quintana at her house. The informant provided details regarding the house, its motion activated flood lights, security system, and the presence of a large dog.
 
 
 4
 In December 1992, a second confidential informant reported that she could purchase cocaine from an individual, Michael Pacheco, who was supplied by Quintana. A controlled purchase was planned and a surveillance team observed Quintana driving to and waiting at Pacheco's house. Pacheco took the informant's money, went to Quintana's car and returned with the drugs, telling the informant the drugs were supplied by Quintana. Observed by the surveillance team, Quintana drove to the house she shared with Cervera.
 
 
 5
 Based on this information and the information supplied by the first informant, the agents obtained a search warrant for Quintana, the house at 141 South 5th, the mobile home and the car registered to Cervera. On December 7, 1992 two DCI agents and two county deputy sheriffs executed the warrant at 141 South 5th. Because the officers believed the front door was blocked from the inside, three of the officers approached the rear door of the house. Twenty feet from the house the officers tripped the motion activated flood lights. Fearing that their presence was now known, the officers immediately ran to the rear door. One agent testified that he banged on the door with a crow bar and yelled, "Police officer, search warrant." The agent said he heard a dog bark inside and heard noises inside. The agent again banged on the door and again identified his presence. He then made a forcible entry and found Quintana seated in a chair and Cervera in another room attempting to access a loaded pistol. The agents handcuffed Quintana and Cervera and seated them at a kitchen table where the handcuffs were removed. The agent testified that Cervera was given his Miranda warnings, which he acknowledged. Thereafter, Cervera consented to be interviewed. Cervera identified drugs and weapons in the house and made incriminating statements. At the county jail Cervera again was administered his Miranda warnings, and again, he made incriminating statements.
 
 II. DISCUSSION
 
 6
 On appeal, Cervera first contends that the district court erred in denying his motion to suppress because the search warrant and its execution were improper and his consent was involuntary. Specifically, Cervera contends the warrant was not supported by probable cause because it was based on stale information. Next, he asserts the warrant was improperly executed because the officers failed to "knock and announce" before entering. Finally, Cervera alleges his confession was involuntary.
 
 
 7
 "In reviewing the denial of a motion to suppress, we accept the trial court's findings of fact unless they are clearly erroneous and we view the evidence on appeal in a light most favorable to the government." United States v. Knapp, 1 F.3d 1026, 1027 (10th Cir.1993).
 
 A. Probable Cause
 
 8
 In assessing whether a search warrant is supported by probable cause, a magistrate's determination of probable cause must be given considerable deference. Illinois v. Gates, 462 U.S. 213, 236 (1983). In evaluating claims of warrant deficiencies, we need only determine whether the issuing magistrate had a substantial basis for concluding that probable cause existed. Id. at 238-39. We evaluate information supplied by an informant for probable cause in a search warrant under the "totality of the circumstances" test. Id. at 238.
 
 
 9
 Cervera contends that the warrant was not supported by sufficient probable cause because the information supplied by one of the informants related events sixty days prior to issuance of the warrant and was stale and that information supplied by the other informant did not relate any direct evidence of Cervera's involvement with drugs. Looking at the totality of circumstances, it is clear that the informants provided substantial evidence of Cervera's involvement with drug trafficking. Taken together the information relating Cervera and Quintana's past involvement with drugs, the informant's report that he saw Quintana and Cervera with cocaine and a large amount of cash at 141 South 5th and the more current information, substantiated by the surveillance team, relating Quintana's delivery of drugs to Pacheco and her immediate return to 141 South 5th demonstrate a strong probability of ongoing involvement in drug trafficking over a span of time. United States v. $ 149,442.43 in U.S. Currency, 965 F.2d 868, 873 (10th Cir.1992); United States v. Reyes, 798 F.2d 380, 382 (10th Cir.1986) (passage of time is of diminished significance where the activity is protracted and continuous). The determination of whether information is stale depends on the nature of the crime and the length of criminal activity, not simply on the number of days that have elapsed between the facts relied upon and the issuance of the warrant. United State v. Snow, 919 F.2d 1458, 1460 (10th Cir.1990). Upon consideration of the search warrant and the information supplied by the informants we conclude that a substantial basis existed for the magistrate's finding of probable cause.
 
 B. Execution of the Warrant
 
 10
 Cervera also asserts that the evidence must be suppressed because the officers failed to comply with the "knock and announce" statute, 18 U.S.C. 3109, before making a forcible entry. Section 3109 provides that an officer executing a warrant may break open a door only if "after notice of his authority and purpose, he is refused admittance." 18 U.S.C. 3109. The district court found that 3109 did not apply because a state warrant was involved. However, the judge determined that the constitutional provisions governing the reasonableness of searches included a "knock and announce" requirement. Finding that the officers sufficiently announced their presence, the district court held there was no constitutional violation.
 
 
 11
 We agree that, because this action involved state officers executing a state warrant, general Fourth Amendment standards, and not 3109, apply. United States v. Mitchell, 783 F.2d 971, 974 (10th Cir.), cert. denied 479 U.S. 860 (1986); United States v. Sagaribay, 982 F.2d 906, 910 (5th Cir.), cert. denied 114 S.Ct. 160 (1993) (evidence seized by state officers executing state warrant and used in federal prosecution governed by constitutional guarantees of reasonableness, not by 3109); see also Preston v. United States, 376 U.S. 364, 366 (1964) (evidence seized by state officers admissable in federal prosecution if seizure reasonable under Fourth Amendment); United States v. Moore, 956 F.2d 843, 845-47, 847 n. 4 (8th Cir.1992) (same). While the Fourth Amendment and 3109 serve overlapping purposes, the extent of the overlap is not clear. Sagaribay, 982 F.2d at 909; see also Mitchell, 783 F.2d at 974 (Fourth Amendment does not inflexibly incorporate the requirements of 3109); United States v. Nolan, 718 F.2d 589, 602 (3d Cir.1983) (Fourth Amendment does not mandate a "knock and announce" requirement); United States v. Daoust, 728 F.Supp. 41, 49-50 (D. Me.1989), aff'd, 916 F.2d 757 (1st Cir.1990) ("The constitutionality of a forcible entry does not depend upon ritual adherence to the statutory 'knock and announce' procedures of section 3109). However, because we find that the agents in this case adequately announced their presence prior to the forcible entry, we do not need to decide if the requirements of 3109 control. Considering the totality of the circumstances we hold the search was not unreasonable under the Fourth Amendment. The agents testified they knocked and yelled "Police officers, search warrant," waited and then made the same announcement again prior to entering. The officers' testimony indicated they heard movement inside but received no response to their announcement. See Mitchell, 783 F.2d at 974 (disposable nature of contraband and movement away from the door equaled exigent circumstances to justify forcible entry); United States v. Baker, 638 F.2d 198, 202-03 (10th Cir.1980) (same). The credibility and weight of evidence is determined by the district court, United States v. Ruminer, 786 F.2d 381, 383 (10th Cir.1986), and it chose to credit the agents testimony concerning the entry.
 
 
 12
 Due to the disposable nature of the drugs in this case and the noise inside indicating awareness of the officers presence at the door, we find that these factors combined with the officers announcement of their authority, examined under the totality of the circumstances indicate that the entry in this case was reasonable under a Fourth Amendment analysis.
 
 C. Cervera's Confession
 
 13
 Cervera argues that his incriminating statements were involuntary because the agents promised him favorable treatment and inducements to get him to confess and that his waiver of Miranda rights did not proceed from a free and deliberate choice. In determining whether a particular confession is voluntary, we apply a totality of the circumstances test. United States v. Short, 947 F.2d 1445, 1449 (10th Cir.1991), cert. denied, 112 S.Ct. 1680 (1992). The government has the burden of proving that statements made by a defendant during a custodial interrogation were given after adequate Miranda warning and that the defendant voluntarily, knowingly and intelligently waived his rights. Miranda v. Arizona, 384 U.S. 436, 444-45, 467-76, 479 (1966). A defendant's waiver is voluntary and knowing if the totality of the circumstances "reveal both an uncoerced choice and the requisite level of comprehension." Moran v. Burbine, 475 U.S. 412, 421 (1986). We may consider "the intelligence and education of the individual being questioned, whether the individual was advised of his constitutional rights, the length of detention, the prolonged nature of the questioning, and whether the individual was physically punished. Short, 947 F.2d at 1449. Based on the evidence in the record, we are convinced that Cervera voluntarily made the incriminating statements.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation