21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Ronald FONTENOT, Defendant-Appellee.
 No. 93-1216.
 United States Court of Appeals, Tenth Circuit.
 April 13, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE and KELLY, Circuit Judges, and BRIMMER, District Judge.[2]
 
 
 2
 A grand jury indicted Ronald Fontenot on three counts of distributing cocaine base. Appealing the suppression of evidence found in a search of defendant's home, the government contends the Leon good faith exception to the exclusionary rule applies where police executed a warrant, consistent with state law, allowing officers to enter the home without notice. The government also argues the circumstances surrounding the immediate entry made the search reasonable under the Fourth Amendment. We agree and reverse.
 
 
 3
 An undercover Denver police officer bought crack cocaine three times from Ronald Fontenot. On two occasions these sales took place at Mr. Fontenot's home, though police observed him go to another house one of those times, presumably to pick up drugs to sell. During a surreptitiously intercepted conversation, police recorded Mr. Fontenot saying he had firearms, but they never observed him with any weapon. After these events, the officers obtained warrants from a state county court judge for Mr. Fontenot's arrest and searches of his home and the home of his supplier.
 
 
 4
 The search warrant for Mr. Fontenot's home contained a specific provision authorizing police to enter without knocking or announcing their presence. As justification for this provision, the affidavit stated past experience showed drug traffickers often carry arms and try to destroy evidence. The affiant later testified he had always received authority for an immediate entry in the narcotic search warrants he sought during his ten years with the Denver police. The warrant also gave police ten days to execute the search. Within those ten days, police arrested Mr. Fontenot about two blocks from his home. A few minutes later, officers forcibly entered the house and found drug paraphernalia.
 
 
 5
 The district court suppressed the evidence for four reasons. First, the affidavit presented no particularized facts suggesting exigent circumstances to justify the no-knock provision. Second, the five-day gap between receipt of the warrant and its execution was unreasonable under the facts of this case. Third, even if the police relied on the warrant in good faith, it was not objectively reasonable to believe exigent circumstances existed after officers arrested defendant. Lastly, the state judge rubber stamped the no-knock provision.[3]
 
 
 6
 Whether the warrant justifies good faith reliance by the officers and permits a search valid under the Fourth Amendment has already been decided under the same circumstances in United States v. Moland, 996 F.2d 259, 260-61 (10th Cir.1993), cert. denied, 114 S.Ct. 722 (1994). Seeing neither a factual nor legal basis for distinction between the cases, we adhere to that holding.
 
 
 7
 Moland answered the often difficult question of whether the good faith exception created in United States v. Leon, 468 U.S. 897, 922 (1984), applies to the circumstances found in this case. Here, as in Moland, the officers abided by the terms of the warrant which appeared valid under decades of state law. Moreover, good faith does not require law enforcement officers to inquire behind the face of an apparently valid warrant because they may rely upon the determination of a neutral magistrate. See United States v. McKneely, 6 F.3d 1447, 1454 (10th Cir.1993). Additionally, it is not suggested the officers in this case are guilty of conduct that would deprive them of the right, under Leon, to good faith reliance.
 
 
 8
 Notwithstanding the erroneous finding which led the district court to conclude the state judge acted as a rubber stamp for the police, another reason exists to set aside the district court's holding. There is nothing in the record which shows the state judge did anything more than follow established state law in the independent exercise of his authority. See United States v. Brown, 832 F.2d 991, 997 (7th Cir.1987) (magistrate who issued "hundreds" of warrants based on "form" affidavits had not abandoned neutrality), cert. denied, 485 U.S. 908 (1988). It is not the volume of a judge's warrant experience that suggests an absence of proper detachment but, rather, how that judge exercises judgment and discretion. Simply put, there is no evidence in this case that the state judge here had abandoned his proper role.
 
 
 9
 REVERSED AND REMANDED for further proceedings.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Clarence A. Brimmer, United States District Court Judge for the District of Wyoming, sitting by designation
 
 
 [3]
 The district court erroneously believed the judge issuing the warrants had included immediate entry provisions in over 200 cases involving the affiant in this case. The record proves this assumption factually inaccurate. The state judge did issue "several" immediate entry warrants for the affiant, who testified he had been the affiant in approximately 200 cases in which such warrants had been obtained. Nonetheless, the affiant also testified he had never been refused a request for a no-knock warrant