33 F.3d 62
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Joseph BAHM, Defendant-Appellant.
 No. 93-5132.
 United States Court of Appeals, Tenth Circuit.
 Aug. 5, 1994.
 
 1
 Before ANDERSON and HOLLOWAY, Circuit Judges, and OWEN, District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 OWEN, District Judge.
 
 
 4
 Appeal from the United States District Court for the Northern District of Oklahoma. Defendant-appellant Robert Joseph Bahm appeals from a conviction of possession with intent to distribute cocaine in violation of 21 U.S.C. 841(a)(1). He asserts that 1) the kilo of cocaine seized pursuant to a search warrant should have been suppressed and 2) that the indictment should have been dismissed since it created an "appearance" of "vindictive federal prosecution."[1]
 
 
 5
 The judgment of conviction is affirmed.
 
 
 6
 As to the suppression motion, the threshold issue we face before reaching the substance of Bahm's "knock-notice" argument is whether the federal knock-notice statute is applicable to this search, which was conducted entirely by state officers. Counsel for both the defendant and the government premise their arguments on the assumption that the federal statute applies. This is incorrect. The federal knock-notice statute, 18 U.S.C. Sec. 3109, is addressed to entries involving federal officers. Sabbath v. United States, 391 U.S. 585, 588 (1968); United States v. Valenzuela, 596 F.2d 824, 829-30 (9th Cir.1979). The standard for admissibility of evidence seized by state officers is one of reasonableness under the Fourth Amendment. United States v. Mitchell, 783 F.2d 971, 974 (10th Cir.1986).
 
 
 7
 Under the Fourth Amendment standard, if the record established that the officers executing the warrant failed entirely to announce their authority and purpose before forcing their way into Bahm's residence, and that no exigent circumstances were shown, the evidence seized would have to be suppressed as the fruit of an illegal search. United States v. Baker, 638 F.2d 198, 202 (10th Cir.1980) (citing Sabbath, 391 U.S. 585). Here, however, the trial court found that the officers waited ten to fifteen seconds after announcing their presence before forcibly opening the front door. These findings are not clearly erroneous. United States v. Abreu, 935 F.2d 1130, 1132 (10th Cir.1991).
 
 
 8
 The ultimate question of whether a search and seizure was reasonable under the Fourth Amendment is one of law. Id. The district court concluded that the officers were justified in forcing entry as they did. We hold that the officers' conduct was reasonable within the meaning of the Fourth Amendment.
 
 
 9
 The petitioner's claim of the "appearance of vindictiveness" which was asserted before the District Court (Tr. p. 63) also provides no basis for reversal, even if such appearance could be perceived. It should be noted that appellant affirmatively makes no claim that there was any actual vindictiveness, and in any event such a claim rarely lies where the second prosecution is brought, as here, by a different sovereign, see United States v. Schoolcraft, 879 F.2d 64, 68 (3rd Cir.1989). This hardly fits within the framework of United States v. Groves, 571 F.2d 450 (9th Cir.1978) relied on by the appellant, where the Court concluded that the same prosecutorial office "brought the marijuana charge in retaliation for the appellant's exercise of his statutory rights on the cocaine charge." 571 F.2d at 454.
 
 
 10
 Accordingly the judgment of conviction appealed from is affirmed.
 
 
 
 *
 Honorable Richard Owen of the United States District Court for the Southern District of New York sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of order and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1992. 151 F.R.D. 470
 
 
 [1]
 Counsel stated below:
 [W]e're not that concerned with this case or this defendant, but rather we are concerned that if it appears to people that a vindictive federal prosecution has been commenced because an individual successfully raised his constitutional rights in the state system, that that will have a chilling and intimidating effect upon future litigants in state court who are faced with what they believe to be a violation of their constitutional rights, and the strength of that intimidation might be such that a person might be afraid to raise a violation of his rights in state court for fear of being subsequently smitten with the federal fist.