UNITED STATES of America, Plaintiff,

v.

Kenneth R. REECE, Defendant.

No. 95–40017–01–SAC.

United States District Court,
D. Kansas.

April 26, 1995.

Marilyn M. Trubey and David J. Phillips, Office of Federal Public Defender, Topeka, KS, for defendant.

Richard L. Hathaway, Office of U.S. Atty., Topeka, KS, for plaintiff.

## MEMORANDUM AND ORDER

CROW, District Judge.

On February 22, 1995, the grand jury returned a sealed indictment charging the defendant, Kenneth Ray Reece, with two separate counts of possession of cocaine base with the intent to distribute (in violation of 21 U.S.C. § 841(a)(1)), one count of using or carrying a firearm during and in relation to a drug trafficking crime (in violation of 18 U.S.C. § 924(c)(1)), and one count of maintaining a place for the purpose of manufacturing, distributing, or using a controlled substance (in violation of 21 U.S.C. § 856(a)(1)). All of the crimes charged in the indictment are alleged to have occurred on or about November 22, 1994.

This case comes before the court upon the following pretrial motions filed by the defendant:

1. Motion for disclosure by government [of 404(b) evidence the government intends to offer against the defendant] (Dk. 18).

2. Motion to compel discovery regarding informant (Dk. 19).

3. Motion to compel disclosure of existence and substance of promises of immunity, leniency or preferential treatment (Dk. 20).

4. Motion to suppress evidence based on failure to knock and announce (Dk. 21).

The government has filed a consolidated response to the defendant's motions (Dk. 23).

On April 21, 1995, the court conducted a hearing on the pending motions. The court, having considered the briefs and arguments of counsel, the evidence presented, and the applicable law, is now prepared to rule

## 1. Motion for disclosure by government [of 404(b) evidence the government intends to offer against the defendant] (Dk. 18).

The defendant seeks disclosure of the evidence the government intends to offer pursuant to Fed.R.Evid. 404(b). The government indicates that it does not intend to introduce any evidence pursuant to Fed.R.Evid. 404(b) in its case-in-chief. The government, however, reserves the right to introduce certain evidence under Fed.R.Evid. 608(b) [Evidence of Character and Conduct of Witness; Spe-

cific instances of conduct] and 609 [Impeachment by Evidence of Conviction of Crime].

This motion is denied as moot.

## 2. Motion to compel discovery regarding informant (Dk. 19).

A confidential informant apparently made controlled buys of crack cocaine from a person named "Ken" at a trailer located at 1919 S.E. Adams, Lot # 44. This information provided by the confidential informant served as the factual basis for an affidavit submitted by Officer Brian Hill in support of his application for a search warrant of that location.

Under the progeny of *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), Reece seeks an order compelling the government to disclose the full name and address of the informant in this case, material relevant to impeaching the informant, as well as requiring, *inter alia,* the government to produce the informant at trial. Reece indicates that this information is necessary to determine the validity of the search warrant. During oral argument, the defendant argued that the confidential informant was not merely a "concerned citizen" and that disclosure was appropriate.

In response, the government suggests that Reece has embarked on what "must be charitably described as a fishing expedition." The government notes that the defendant does not challenge the accuracy of the affidavit, but simply seeks discovery on the informant. The government indicates that the informant was a mere tipster and that discovery is not warranted. The government also notes that the defendant has not made the requisite showing, or for that matter even requested a *Franks* hearing. *See Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

### *Roviaro* and the Confidential Informant

The Tenth Circuit recently considered the defendant's right to disclosure of the identity of a confidential informant.

In *Roviaro [v. United States],* 353 U.S. 53 [77 S.Ct. 623, 1 L.Ed.2d 639 (1957)], the Supreme Court held that an informant's identity must be revealed whenever it would be relevant and helpful to an accused's defense or essential to a fair deter-

mination of a cause. *Id.* at 60–61 [77 S.Ct. at 627–28]. Where the government opposes disclosure of the identity of an informant, a trial judge must balance the public's interest in protecting the flow of information against the individual's right to prepare his or her defense. *Id.* at 62 [77 S.Ct. at 628–29]. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informant's testimony, and other relevant factors. *Id.*

In making the requisite showing under the *Roviaro* standard, the defendant must present more than mere speculation about the possible usefulness of an informant's testimony. *United States v. Zamora,* 784 F.2d 1025, 1030 (10th Cir.1986). Disclosure of an informant is not required where the information sought from him or her would merely be cumulative, or where the informant is not a participant in or a witness to the crime charged. *United States v. Scafe,* 822 F.2d 928, 933 (10th Cir.1987); *United States v. Halbert,* 668 F.2d 489, 496 (10th Cir.1982).

*United States v. Moralez,* 908 F.2d 565, 567 (10th Cir.1990); *see United States v. Wynne,* 993 F.2d 760, 766 (10th Cir.1993); *United States v. Martinez,* 979 F.2d 1424, 1426 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1824, 123 L.Ed.2d 454 (1993); *United States v. Lewis,* 671 F.2d 1025, 1027 (7th Cir.1982) (where informer is a mere "tipster," disclosure of his identity will rarely be appropriate under the balancing test of *Roviaro* ).

In *Moralez,* the district court denied the defendant's motion to compel the identity of the confidential informant. The court of appeals remanded the case because it appeared that the district court had made the decision to withhold the identity of the confidential informant without the benefit of evidence and without an offer of proof. The court of appeals directed the district court to conduct an in camera hearing to determine the competing governmental and individual interests. Specifically, an in camera hearing was re-

quired because the record failed to indicate the significance of the confidential informant's role in securing the defendant's arrest. Also, the record did not clearly indicate what "governmental interest" was served by non-disclosure.

On remand the district court conducted a hearing at which it asked counsel for the government and the defendant to submit questions to be asked of the informant. The court then excused counsel and brought the informant into a closed courtroom for interrogation. The district court concluded that revealing the informant's identity might endanger the informant's safety. The district court also concluded that the confidential informant was a "mere tipster."

In *United States v. Moralez*, 917 F.2d 18 (10th Cir.1990) (Moralez' appeal after remand), the court of appeals affirmed the district court. The court of appeals concluded:

> [T]he informant had only limited information, was not present during the commission of the offense, and could not provide any evidence which is not cumulative or which is exculpatory. To the contrary, the limited information possessed by the informant is strictly inculpatory, and it will not provide material to support his theory of the case or to aid his impeachment of his codefendants as he has asserted.

*Id.* at 19.

■ The burden is on the defendant to come forward with evidence establishing that the *Roviaro* criteria favor disclosure. *United States v. Blevins*, 960 F.2d 1252, 1258–59 (4th Cir.1992). More than suspicion or speculation is needed to meet the defendant's burden. *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir.1990). "'The defendant must explain to the court as precisely as possible what testimony he thinks the informer could give and how this testimony would be relevant to a material issue of guilt or innocence.'" *Blevins*, 960 F.2d at 1259 (quoting 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence* ¶ 510[06] (1991)).

■ In the case at bar, Reece has not made a sufficient showing to demonstrate that he is entitled to an order compelling production of the confidential informant or any of his concomitant requests. The confidential informant apparently did not participate in the crimes with which the defendant is actually charged. The informant is accurately characterized as a mere tipster and disclosure is not required or warranted in this case. This motion is denied.

**3. Motion to compel disclosure of existence and substance of promises of immunity, leniency or preferential treatment (Dk. 20).**

The defendant seeks all *Giglio* information in the government's possession. The government responds that there is no such material to disclose. During oral argument the defendant conceded that this motion is moot in light of the government's response. This motion is denied as moot.

**4. Motion to suppress evidence based on failure to knock and announce (Dk. 21).**

Reece seeks an order suppressing from evidence all items seized as a result of a search warrant executed on November 22, 1995, at a trailer house located at 1919 S.E. Adams, Lot # 44. According to Reece's brief, officers executing the warrant did not knock and announce their presence prior to gaining entrance to the trailer. Instead, the door to the trailer was forced open with a "battering ram." Only then did officers announce that they were state police officers executing a search warrant.

■ Reece acknowledge that the federal knock and announce statute, 18 U.S.C. § 3109, does not apply to state officers. Reece contends, however, that federal government involvement, prior to the execution of the search was of such a nature that the federal statute should govern the actions of the officers executing the search warrant.[1] In the alternative, Reece contends that the officers' actions cannot stand muster under

---

1. During oral argument following the presentation of evidence, defendant's counsel conceded that the testimony presented concerning federal involvement took the "wind out the sails" of this argument.

the Fourth Amendment. Reece contends that there was not confirmed information demonstrating that there were exigent circumstances justifying the officers' entry without warning.

The government responds, arguing that the defendant does not have standing to challenge the search. The government also contends that the defendant's argument that the federal government was involved prior to the execution of the search is ill-founded, as the federal government did not become involved in the case until after the search warrant was executed.

The government contends that the search warrant was executed in a reasonable manner. The government notes that Kansas does not have a knock and announce rule. The government argues that the search was executed in conformity with both federal and state law.

### 18 U.S.C. § 3109: The Knock and Announce Rule

 "Federal officials serving a warrant must knock and announce their presence and intent before searching a dwelling, unless notice is likely to result in the destruction of evidence or harm to the officers." *United States v. Moland,* 996 F.2d 259, 260 (10th Cir.1993) (citations omitted), *cert. denied,* —— U.S. ——, 114 S.Ct. 722, 126 L.Ed.2d 686 (1994). Title 18, section 3109 [2] provides:

> The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused

admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.

" 'The purpose of 18 U.S.C. § 3109 is to restrict the authority of the government to intrude upon the privacy of its citizens, and to protect law enforcement officers who might be mistaken as unlawful intruders.' " *United States v. Knapp,* 1 F.3d 1026, 1030 (10th Cir.1993) (quoting *United States v. Remigio,* 767 F.2d 730, 732 (10th Cir.), *cert. denied,* 474 U.S. 1009, 106 S.Ct. 535, 88 L.Ed.2d 465 (1985)).[3] "Evidence seized must be suppressed as the fruit of an unlawful search if the officers failed to comply with the knock and announce statute." *Knapp,* 1 F.3d at 1030 *(citing United States v. Ruminer,* 786 F.2d 381, 383 (10th Cir.1986)).

 Section 3109 does not apply to state investigations by state officers. *Moland,* 996 F.2d at 259; *United States v. Sagaribay,* 982 F.2d 906, 910–911 (5th Cir.) (citing *United States v. Moore,* 956 F.2d 843, 845–47, and 847 n. 4 (8th Cir.1992)), *cert. denied sub nom.,* —— U.S. ——, 114 S.Ct. 160, 126 L.Ed.2d 120 (1993). Instead, the reasonableness of the search is evaluated under the Fourth Amendment. *United States v. Mitchell,* 783 F.2d 971, 973–974 (10th Cir.), *cert. denied,* 479 U.S. 860, 107 S.Ct. 208, 93 L.Ed.2d 138 (1986); *see Moland,* 996 F.2d at 260–261 ("Evidence seized by state officers will be suppressed in a federal prosecution if the search violated the Fourth Amendment.");[4] *Moore,* 956 F.2d at 846 ("[I]f state officers seize evidence in violation of the Fourth Amendment and turn that evidence

---

**2.** Kansas does not have a comparable "knock and announce" statute. *See State v. Tyler,* 251 Kan. 616, 634, 840 P.2d 413 (1992) ("Kansas has not adopted a knock and announce rule."). Instead, the statutory standards governing the execution of a search warrant are found in K.S.A. 22–2508, which provides: "All necessary and reasonable force may be used to effect an entry into any building or property or part thereof to execute a search warrant."

**3.** "Congress codified in § 3109 'a tradition embodied in Anglo–American law.' " *United States v. Sagaribay,* 982 F.2d 906, 909 (5th Cir.1993) *(quoting Miller v. United States,* 357 U.S. 301, 307, 313, 78 S.Ct. 1190, 1194, 1198, 2 L.Ed.2d 1332 (1958)), *cert. denied sub nom.,* —— U.S. ——, 114 S.Ct. 160, 126 L.Ed.2d 120 (1993).
The "knock and announce" rule embodied in § 3109 has ancient common law antecedents.

The most frequently cited perhaps is *Seymayne's Case,* 77 Eng.Repr. 194 (K.B. 1603) in which the requirement was announced, at page 195, that "in all cases where the King is party, the sheriff (if the doors be not open) may break the party's house, either to arrest him, or to do other execution of the King's process, if otherwise he cannot enter. But before he breaks it, he ought to signify the cause of his coming, and to make request to open doors . . . ."
*United States v. Brown,* 52 F.3d 415, 420 (2nd Cir.1995).

**4.** "Whether the Fourth Amendment incorporates the 'knock and announce' rule is debatable." *United States v. Brown,* 52 F.3d 415, 420 (2nd Cir.1995). In *Sagaribay,* the Fifth Circuit noted that the Fourth Amendment and § 3109 serve overlapping purposes. 982 F.2d at 909. "While

over to federal officers (a practice known, when lawful, as the 'silver platter') the evidence must be excluded in a resulting federal prosecution."). The requirements of § 3109 are generally viewed as more restrictive than the Fourth Amendments' standard of reasonableness. *See id.* at 847.

■ "Whether the Fourth Amendment has been violated is determined solely by looking to federal law on the subject." *United States v. Walker,* 960 F.2d 409, 415 (5th Cir.), *rehearing denied,* 964 F.2d 1145 (5th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 443, 121 L.Ed.2d 362 (1992). "Under the Fourth Amendment standard, if the record established that the officers executing the warrant failed entirely to announce their authority and purpose before forcing their way into [the defendant's] residence, and that no exigent circumstances were shown, the evidence seized would have to be suppressed as the fruit of an illegal search." *United States v. Bahm,* 33 F.3d 62 (10th Cir.1994) (unpublished)[5] (*citing United States v. Baker,* 638 F.2d 198, 202 (10th Cir.1980)).

### Exceptions to the Knock and Announce Rule

In *United States v. Kennedy,* 32 F.3d 876, 882 (4th Cir.1994), *cert. denied sub nom.,* ——

U.S. ——, 115 S.Ct. 939, 130 L.Ed.2d 883 (1995), the defendant argued that state and federal officers executing a search warrant acted illegally by failing to announce the purpose of their visit and by failing to wait for a refusal of admittance before breaking down the back door of his house. The Fourth Circuit rejected the defendant's argument that officers had violated the reasonableness standard of the Fourth Amendment:[6]

It is well-established that non compliance with the knock and announce requirements may be excused where exigent circumstances render strict compliance imprudent. *See, e.g., United States v. Lalor,* 996 F.2d 1578, 1584 (4th Cir.1993); *United States v. Nabors,* 901 F.2d 1351, 1354 (6th Cir.1990); *United States v. Spinelli,* 848 F.2d 26, 28 (2d Cir.1988). Whether exigent circumstances existed at the time of the entry, and whether the degree of the exigency was sufficient to justify the extent of the noncompliance, is determined by an analysis of the facts of each case. *See United States v. Lucht,* 18 F.3d 541, 549 (8th Cir.1994). As a general matter, however, exigent circumstances have been

---

the provisions overlap, the extent of that overlap is not clear." *Id.* "Like the Third Circuit, we decline to hold that the Fourth Amendment inflexibly incorporates the requirements of § 3109 into its reasonableness requirements." 982 F.2d at 910. *See United States v. Moore,* 956 F.2d 843, 847 (8th Cir.1992) (joining "majority" of federal courts holding that search by state officers is governed by the Fourth Amendment rather than the more restrictive standards of § 3109). The Tenth Circuit apparently joins in this majority. *But see United States v. Baker,* 638 F.2d 198, 202 n. 7 (10th Cir.1980) (" '[T]o some extent, [the knock notice requirements of 18 U.S.C. § 3109] have been incorporated into the Fourth Amendment.' ") (*quoting United States v. Valenzuela,* 596 F.2d 824, 830 (9th Cir.1979)).

In contrast, in *United States v. Kennedy,* 32 F.3d 876, 882 (4th Cir.1994), the Fourth Circuit stated: "Because [§ 3109] 'encompasses the constitutional requirements of the fourth amendment,' it not only governs federal searches by federal agents, but also provides the proper framework for analyzing the execution of state search warrants." (quoting *United States v. Singer,* 943 F.2d 758, 761 (7th Cir., 1991)). *See Ayeni v. Mottola,* 35 F.3d 680, 687 n. 9 (2nd Cir.1994) ("A majority of circuits that have con-

sidered the issue, including the Second Circuit, have concluded that the requirements of section 3109 coincide with the reasonableness requirements of the Fourth Amendment."), *cert. denied,* —— U.S. ——, 115 S.Ct. 1689, 131 L.Ed.2d 554 (1995).

It appears that the Supreme Court will soon resolve the issue as to whether the Fourth Amendment encompasses the knock and announce requirements of § 3109. On March 28, 1995, the Supreme Court heard oral argument in *Wilson v. Arkansas,* No. 94–5707, 1995 WL 243487. *See* 57 Cr.L.Rptr. 3003 (U.S.L.W. Daily Edition, April 5, 1995). In *Wilson v. State,* 317 Ark. 548, 878 S.W.2d 755 (1994), *cert. granted,* —— U.S. ——, 115 S.Ct. 571, 130 L.Ed.2d 488 (1994), the Arkansas Supreme Court held that the Fourth Amendment does not contain a knock and announce requirement.

5. *See In re Citation of Unpublished Opinions/Orders and Judgments,* 151 F.R.D. 470 (10th Cir. 1993).

6. In *Kennedy,* the Fourth Circuit accepted the defendant's argument that § 3109 encompassed the constitutional requirements of the Fourth Amendment. 32 F.3d at 881–882.

found to exist where the officers at the premises reasonably believed that waiting for a response before entering the premises would create an opportunity for the occupants to destroy relevant evidence or to prepare an attack against them. *See Lalor,* 996 F.2d at 1584; *United States v. Arias,* 923 F.2d 1387, 1391 (9th Cir.1991). Indeed, because the possibility of destruction of evidence and danger to the officers are "two of the most common and compelling bases that establish exigency," *United States v. Bonner,* 277 U.S.App.D.C. 271, 874 F.2d 822, 826 (D.C.Cir.1989), courts have held that the presence of either will permit officers to make a forced entry simultaneously with the knock and announcement, or even without alerting the occupants at all, *see [United States v.] Buckley,* 4 F.3d [552] at 558 [ (7th Cir. 1993) ]; *Mensh v. Dyer,* 956 F.2d 36, 40 (4th Cir.1991).

32 F.3d at 882. In *United States v. Stewart,* 867 F.2d 581 (10th Cir.1989), the Tenth Circuit stated:

> The term "exigent circumstances," in conjunction with the entry of a residence during the execution of a search warrant, refers to those situations where "the officers believe there is an emergency situation and ... their belief is objectively reasonable."

867 F.2d at 584 (*quoting United States v. Spinelli,* 848 F.2d 26, 29 (2nd Cir.1988)).

In *United States v. Brown,* 52 F.3d 415 (2nd Cir.1995), the Second Circuit summarized the analysis it uses to determine whether "exigent circumstances" will excuse noncompliance with the "knock and announce" statute:

> Our court has looked to six touchstones for determining the existence of exigent circumstances. Those are: "(1) the gravity or violent nature of the offense with which the suspect is to be charged; (2) whether the suspect is reasonably believed to be armed; (3) a clear showing of probable cause ... to believe that the suspect committed the crime; (4) strong reason to believe that the suspect is in the premises being entered; (5) a likelihood that the suspect will escape if not swiftly apprehended; and (6) the peaceful circumstances of the entry." Those factors are "merely illustrative, not exhaustive, and the presence or absence of any one factor is not conclusive." *United States v. Gordils,* 982 F.2d 64, 69 (2d Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1953, 123 L.Ed.2d 657 (1993); *United States v. MacDonald,* 916 F.2d 766, 769–70 (2d Cir. 1990), *cert. denied,* 498 U.S. 1119, 111 S.Ct. 1071, 112 L.Ed.2d 1177 (1991). In addition to those factors, federal courts, including our own, have considered two more, namely, a reasonable belief by law enforcement officers that (1) the targets of their investigation are armed; and (2) quick action is necessary to prevent the destruction of evidence.

52 F.3d at 421.

## Factual Findings

On November 22, 1995, at 2:39 a.m., eight members of the Topeka Police Department executed a search warrant at a trailer house located at 1919 S.E. Adams, Lot # 44. No federal agents, officers or representatives were involved in the application for the search warrant or its execution. Based upon information provided by the confidential informant, the officers executing the search warrant reasonably believed that the occupant of the trailer named "Ken" not only sold narcotics but also had a cache of rifles and firearms inside the trailer.

Although executing a search warrant on any residence obviously entails certain risks, the execution of a search warrant on a trailer house poses an additional danger. Because the door to a trailer house typically opens outward, to gain entry, officers must pry the door open rather than pushing or breaking it inward. Prying the door to a trailer home open typically takes more time than breaking a door that opens inward. Hence, officers attempting to execute a search warrant on a trailer house are exposed to danger for an incremental amount of time.

Prior to or simultaneously with the officers' entry through the front door of the trailer house, other officers sprayed a fire extinguisher in a back window of the trailer as a means of distracting any occupants in

the trailer. Uniformed officers displaying their badges announced their presence and purpose of entry upon entering the trailer. A search of the trailer revealed cocaine, an assault rifle and a Tec–9 pistol.

### Analysis

 Based upon the defendant's concession that no federal officers were involved in either the application for or execution of the search warrant, on its face § 3109 does not apply. Instead, the disposition of the defendant's motion turns on the issue of whether the execution of the search warrant violated the Fourth Amendment.

The court concludes that the manner in which officers executed the search warrant was reasonable based upon the information available to them. The confidential informant, apparently based upon his or her own recent personal observations, indicated that drugs and multiple firearms were present in the trailer. Two weapons were in fact found during the execution of the search. Nor is the presence of firearms in close proximity to narcotics an uncommon or unexpected occurrence.

> "[T]he law has 'uniformly recognized that substantial dealers in narcotics possess firearms'" and that "entrance into a situs of drug trafficking activity carries all too real dangers to law enforcement officers." *Bonner*, 874 F.2d at 824, 827 (*quoting United States v. Payne*, 256 U.S.App.D.C. 358, 805 F.2d 1062, 1065 (D.C.Cir.1986)); *see also Singer*, 943 F.2d at 763 (noting the "federal judiciary's recognition that firearms are an integral part of the drug trade.").

*Kennedy*, 32 F.3d at 882. The danger of such a combination is self-evident. Based upon the information available to officers prior to entering the trailer house, including the fact that opening the door would take additional time exposing them to increased danger, officers executing the search warrant acted in a reasonable manner that did not violate the Fourth Amendment of the United States Constitution.[7] *See United States v. Stewart*, 867 F.2d 581, 584 (10th Cir.1989)

("The reasonableness of the officers' conduct hinges on the facts within their knowledge indicating exigency."). The defendant's motion to suppress is denied.

IT IS THEREFORE ORDERED that Reece's Motion for disclosure by government [of 404(b) evidence the government intends to offer against the defendant] (Dk. 18) is denied as moot.

IT IS FURTHER ORDERED that Reece's Motion to compel discovery regarding informant (Dk. 19) is denied.

IT IS FURTHER ORDERED that Reece's Motion to compel disclosure of existence and substance of promises of immunity, leniency or preferential treatment (Dk. 20) is denied as moot.

IT IS FURTHER ORDERED that Reece's Motion to suppress evidence based on failure to knock and announce (Dk. 21) is denied.

---

7. Assuming, *arguendo*, that the Fourth Amendment contains a knock and announce requirement similar or identical to § 3109, the court concludes that the exigent circumstances present in the case at bar justified noncompliance with such a requirement.